# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| BIU, LLC<br><br>    Petitioner,<br><br>  v.<br><br>FEDERAL COMMUNICATIONS COMMISSION<br><br>    and<br><br>UNITED STATES OF AMERICA<br><br>    Respondents. | No. 24-1189 |

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES, AND STATEMENT OF ISSUES TO BE RAISED

Pursuant to D.C. Cir. Rules 12(c) and 28(a)(1), and this Court's Order entered on June 10, 2024 (which was not received by Petitioner's counsel), Petitioner BIU, LLC ("BIU") certifies as follows:

**I.    Parties**

Petitioner BIU is a limited liability company and has no parent company and no affiliation with any public companies. BIU is an investment group formed to "Bring Into Use" a satellite at 95WL to perfect rights to utilize that location in accordance with International Telecommunication Union regulations. BIU is

1

Spectrum Five's attorney-in-fact and is a party-in-interest in the underlying proceeding before the Federal Communications Commission.

Respondents are the Federal Communications Commission, a federal agency ("FCC"), and the United States of America.

## II. Ruling Under Review/Underlying Decision From Which Petition Arises

BIU seeks review of the Memorandum Opinion and Order of Respondent FCC, dated April 11, 2024, in IB Docket No. 20-399, entitled "In the Matter of Spectrum Five LLC's Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses." A copy of the Order is attached as Exhibit A.

## III. Related Cases

BIU, LLC v. FCC, Case No. 23-1163, was previously before this Court and was dismissed on October 19, 2023. BIU is not aware of any other related cases.

## IV. Statement of Issues to be Raised

Whether Respondent the Federal Communications Commission erroneously dismissed and denied BIU's Application for Review of the November 13, 2023 decision of the FCC Enforcement Bureau to dismiss and deny BIU's request to reinstate Spectrum Five, LLC's Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses (the "Petition").

Dated: July 22, 2024                    Respectfully submitted,

                                        _____
                                        Alan A. Greenberg
                                        GREENBERG GROSS LLP
                                        1980 Festival Plaza Drive, Suite 730
                                        Las Vegas, NV 89135
                                        Telephone: (702) 777-0888
                                        Facsimile: (702) 777-0801
                                        Email:agreenberg@ggtriallaw.com

                                        *Attorneys for Petitioner BIU, LLC*

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record, this 22nd day of July 2024.

                                        Alan A. Greenberg
                                        GREENBERG GROSS LLP
                                        1980 Festival Plaza Drive, Suite 730
                                        Las Vegas, NV 89135
                                        Telephone: (702) 777-0888
                                        Facsimile: (702) 777-0801
                                        Email:agreenberg@ggtriallaw.com

                                        *Attorneys for Petitioner BIU, LLC*

EXHIBIT A

| | Federal Communications Commission | FCC 24-39 |
|---|---|---|

## Before the
## Federal Communications Commission
## Washington, D.C. 20554

| In the Matter of | ) | |
|---|---|---|
| | ) | |
| Spectrum Five LLC | ) | IB Docket No. 20-399 |
| | ) | |
| Petition for Enforcement of Operational Limits and | ) | |
| for Expedited Proceedings to Revoke Satellite | ) | |
| Licenses | ) | |

## MEMORANDUM OPINION AND ORDER

**Adopted: April 10, 2024**             **Released: April 11, 2024**

By the Commission:

## I. INTRODUCTION

1. We have before us an Application for Review (AFR) filed on January 12, 2024, by BIU, LLC (BIU),[1] seeking review of the Enforcement Bureau's (Bureau) November 13, 2023 decision[2] to dismiss and, on alternative and independent grounds, deny BIU's request to reinstate[3] the above-captioned Petition filed by Spectrum Five LLC (Spectrum Five).[4]  As discussed below, we dismiss BIU's AFR because it was filed late, in violation of section 1.115(d) of the Commission's rules.[5]  On alternative and independent grounds, we deny the AFR and affirm the Bureau's decision that this matter presents a private contractual dispute between Spectrum Five and BIU that is justiciable, if at all, in a court of competent jurisdiction and not by the Commission.

## II. BACKGROUND

2. On November 6, 2020, Spectrum Five filed the above-captioned Petition asking the Commission to require Intelsat License LLC (Intelsat) to come into compliance with the terms of its licenses for the Intelsat 30 and Intelsat 31 satellites.[6]  On April 12, 2023, Spectrum Five's outside counsel

---

[1] *See* BIU, LLC, Application for Review, IB Docket No. 20-399 (filed Jan. 12, 2024) (AFR).

[2] *See* Spectrum Five LLC, Memorandum Opinion and Order, DA 23-1067, 2023 WL 8603170 (EB 2023) (*EB MO&O*).

[3] Letter from Michael H. Strub, Jr., Counsel for BIU, LLC, to Loyaan A. Egal, Chief, Enforcement Bureau, FCC, IB Docket No. 20-399 (filed June 9, 2023) (BIU Reconsideration Letter).

[4] Petition of Spectrum Five for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses, IB Docket No. 20-399 (filed Nov. 6, 2020) (Spectrum Five Petition or Petition).

[5] 47 CFR § 1.115(d).

[6] *See* Spectrum Five Petition.

submitted a letter stating that Spectrum Five withdrew its Petition.[7]  In response, on April 24, 2023, the Bureau publicly released an Order dismissing the Spectrum Five Petition with prejudice.[8]

3.	On June 9, 2023, BIU filed a letter in the above-captioned proceeding alleging that the withdrawal of the Petition was "procured by fraud" at the direction of R. David Wilson, Chairman and CEO of Spectrum Five.[9]  BIU alleged that BIU and Spectrum Five are parties to certain loan agreements on which Spectrum Five defaulted.  According to BIU, under the terms of the loan agreement, upon Spectrum Five's default BIU would be appointed as Spectrum Five's exclusive attorney-in-fact, with the sole authority to authorize the dismissal of the Spectrum Five Petition.[10]  BIU asked the Bureau to reinstate the Spectrum Five Petition and reopen the docket.[11]  On August 11, 2023, the Bureau sent a letter of inquiry to Spectrum Five and its counsel asking them to respond to the allegations in the BIU Reconsideration Letter.[12]  On August 25, 2023, Spectrum Five, represented by Mr. Wilson, responded to the BIU Reconsideration Letter, contending that BIU has no right to claim it represents Spectrum Five.[13]  As an initial matter, Spectrum Five disputed that it is in default on its loan with BIU.[14]  And, even assuming it was then in default, Spectrum Five claimed that the contractual provisions of the loan agreements cited by BIU related only to BIU's authority to perform specified ministerial functions on Spectrum Five's behalf, such as signing of tax filings.[15]  On September 5, 2023, BIU responded to Spectrum Five, claiming that specified terms of the loan agreements appointed BIU as Spectrum Five's attorney-in-fact.[16]

4.	On November 13, 2023, the Enforcement Bureau released a decision dismissing and, on alternative and independent grounds, denying the BIU Reconsideration Letter.[17]  The Bureau dismissed the BIU Reconsideration Letter because it was filed over two weeks after the statutory deadline for seeking reconsideration.[18]  On alternative and independent grounds, the Bureau denied the BIU Reconsideration Letter explaining that, while the Commission has previously considered procedurally

---

[7] *See* Letter from Samuel L. Feder, Counsel for Spectrum Five, LLC, to Marlene H. Dortch, Secretary, FCC, IB Docket No. 20-399 (filed Apr. 12, 2023) ("Spectrum Five LLC respectfully withdraws its petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses.").

[8] *See* Spectrum Five LLC, Order, DA 23-345, 2023 WL 3152002 (EB 2023) (*EB Dismissal Order*).  On June 23, 2023, BIU filed a Petition for Review of the *EB Dismissal Order* with the United States Court of Appeals for the D.C. Circuit.  *See* Petition for Review of Petitioner BIU, LLC, *BIU, LLC v. FCC*, No. 23-1163 (D.C. Cir. June 23, 2023).  On August 14, 2023, the Commission filed a Motion to Dismiss the BIU Petition for Review.  *See* Motion to Dismiss of Respondent Federal Communications Commission, *BIU, LLC v. FCC*, No. 23-1163 (D.C. Cir. Aug. 14, 2023).  On October 19, 2023, the D.C. Circuit granted the Motion to Dismiss.  *See* Order, *BIU, LLC v. FCC*, No. 23-1163 (D.C. Cir. Oct. 19, 2023).

[9] *See* BIU Reconsideration Letter at 1.

[10] *Id.*

[11] *Id.* at 5.

[12] *See* Letter from Loyaan A. Egal, Chief, Enforcement Bureau, to, Samuel L. Feder, Counsel for Spectrum Five, LLC, FCC, IB Docket No. 20-399 (August 11, 2023).

[13] *See* Letter from R. David Wilson, Spectrum Five, LLC, to Loyaan A. Egal, Chief, Enforcement Bureau, FCC, IB Docket No. 20-399, at 2-3 (filed Aug. 25, 2023) (Spectrum Five Reply).

[14] *See id*. at 3 n.12.

[15] *Id*. (stating that "neither the Security Agreement nor the Pledge Agreement confers exclusive powers or sole authority to BIU to make decisions on Spectrum Five's behalf").

[16] *See* Letter from Michael H. Strub, Jr., Counsel for BIU, LLC, to Loyaan A. Egal, Chief, Enforcement Bureau, FCC, IB Docket No. 20-399, at 1 (filed Sept. 5, 2023) (BIU Response).

[17] *See EB MO&O*.

[18] *See id.* at para. 6 (citing 47 U.S.C. § 405).

improper petitions for reconsideration where there was undisputed evidence of fraud, the present case involved at most a private contractual dispute that is justiciable, if at all, in a court of competent jurisdiction and not by the Commission.[19]

5. On January 12, 2024, BIU filed an AFR of the Bureau's decision, again claiming that Mr. Wilson did not have authority to withdraw the Petition pursuant to Spectrum Five's contractual arrangements with BIU.[20] BIU asks the Commission to set aside the Bureau's decision, reinstate the Petition, and reopen the docket.[21]

## III. DISCUSSION

6. Pursuant to section 1.115(d) of the Commission's rules, an application for review must be filed within 30 days from the date of public notice of the Commission action.[22] Public notice of the Bureau's decision to dismiss and, on alternative and independent grounds, deny the BIU Reconsideration Letter was given on November 13, 2023, when the *EB MO&O* was released to the public.[23] Pursuant to section 1.4 of the Commission's rules, the first day to be counted in computing the 30-day period was November 14, 2023, resulting in the last day for filing an application for review of December 13, 2023.[24] BIU filed its AFR on January 12, 2024, approximately one month after the deadline.[25] BIU offered no explanation for its late filing nor did it seek a waiver.[26] Accordingly, we dismiss BIU's AFR as untimely.[27]

7. On alternative and independent grounds, we deny the AFR because BIU has failed to demonstrate that the Bureau erred in dismissing and, on alternative and independent grounds, denying the BIU Reconsideration Letter. As an initial matter, the Bureau properly concluded that, without justification, BIU filed the BIU Reconsideration Letter over two weeks after the statutory deadline for seeking reconsideration.[28] In the AFR, BIU does not dispute that it filed the BIU Reconsideration Letter late. Although the Bureau recognized that the Commission has previously considered procedurally improper petitions for reconsideration where there was undisputed evidence of fraud on the

---

[19] *See id.* at para. 7.

[20] AFR at 5.

[21] *Id*. at 22.

[22] 47 CFR § 1.115(d).

[23] 47 CFR § 1.4(b)(2) (providing that "for non-rulemaking documents released by the Commission or staff" the date of public notice is "the release date").

[24] 47 CFR § 1.4(c)-(d).

[25] *See supra* note 4.

[26] BIU claims without explanation that its AFR of the *EB MO&O* was filed pursuant to Sections 54.719 and 54.720 of the Commission's rules. AFR at 16 (citing 47 CFR §§ 54.719 and 54.720). These rules provide for a 60-day period for a party to seek Commission review of a decision made by the Universal Service Administrative Company. *See* 47 CFR § 54.720; *see also* 47 CFR § 54.5 (defining "Administrator" as the Universal Service Administrative Company). The decision to dismiss or deny the BIU Reconsideration Letter in the *EB MO&O* was made by the Enforcement Bureau on delegated authority, not by the Universal Service Administrative Company, thus the deadline for seeking Commission review was 30 days after release of the *EB MO&O* pursuant to Section 1.115 of the Commission's Rules. *See EB MO&O* at para. 8 n.24; *see also* 47 CFR § 1.115(a), (d).

[27] 47 CFR § 1.115(d).

[28] *See EB MO&O* at para. 6 (explaining that the Bureau's public release of the *EB Dismissal Order* on April 24, 2023, provided BIU with constructive notice of the decision) (citing *K. Rupert Murdoch (Transferor) and Fox Entm't Group (Transferee)*, Memorandum Opinion and Order on Reconsideration, 24 FCC Rcd 5824, 5827, para. 11 (2009) ("public notice constitutes constructive notice"); *Holy Family Oratory of St. Philip Neri*, Memorandum Opinion and Order, 29 FCC Rcd 13273, 13274, para. 5 (2014) (unawareness of public notice of decision insufficient basis for consideration of late-filed reconsideration petition)).

Commission's processes,[29] the Bureau correctly explained that the matter here is a private contractual dispute between BIU and Spectrum Five as to whether Mr. Wilson had authority to withdraw the Petition based on competing interpretations of contractual language in their loan agreements.[30]

8.　　　　In its AFR, BIU presents new arguments in an attempt to support its claim that the Spectrum Five Petition should be reinstated. As an initial matter, we dismiss these new arguments because they were not presented to the Bureau.[31] On alternative and independent grounds, we reject these arguments on the merits. First, BIU cites *Roy M. Speer*, claiming that the Commission has previously considered matters that involve a "private dispute."[32] But, in *Roy M. Speer*, the Commission did not resolve a dispute between private parties on how to interpret the terms of their contract. Rather, the Commission considered allegations that a third party had assumed *de facto* control of a broadcast licensee, which is a matter that squarely fits within the Commission's expertise and jurisdiction under Section 310(d) of the Act.[33] The present matter, however, does not involve a claim of *de facto* control. Indeed, BIU filed a letter on June 13, 2023, in this proceeding stating that "BIU did not suggest, nor intend to suggest, that BIU has assumed operational control of Spectrum Five."[34] Rather, the basic allegation raised by BIU here—that the terms of a loan agreement did not authorize Mr. Wilson on behalf of Spectrum Five to withdraw the Spectrum Five Petition—is purely a matter of contractual interpretation

---

[29] *See id.* at para. 7 (citing *Champion Communications Services, Inc.,* Order, 15 FCC Rcd 12832, 12832, para. 3 (WTB 2000) (both assignee and assignor agreed that assignment application was signed by unauthorized person); *Comtex Communications, Inc.,* Order, 15 FCC Rcd 11730, 11731, para. 6 (WTB 2000) (undisputed showing that assignor never authorized the assignment of its license)). BIU argues that the present case is not different from *Champion,* where the Wireless Bureau sought to reinstate a former licensee after the assignee revealed the assignment application was not authorized by the assignor. *See* AFR at 20-21. Unlike the present case, however, there was no contractual dispute between the assignor and the assignee in *Champion* that required resolution. Rather, both the assignee and the assignor in *Champion* agreed that the assignment application was signed by an unauthorized person. *Champion,* 15 FCC Rcd at 12832, paras. 3-4 (referring to an "undisputed showing" that the assignee never authorized the assignment of its license). Similarly, BIU relies on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), but in that case there was no factual dispute. *Id*. at 243 (referring to "[i]ndisputable proof of the foregoing facts"). *See* AFR at 19.

[30] *See id.*

[31] 47 CFR § 1.115(c) ("No application for review will be granted if it relies on questions of fact or law upon which the designated authority has been afforded no opportunity to pass."); *id*. at Note to Section 1.115(c) ("Subject to the requirements of § 1.106, new questions of fact or law may be presented to the designated authority in a petition for reconsideration.").

[32] AFR at 18-19 (citing *Applications of Roy M. Speer, (Transferor) & Silver Mgmt. Co., (Transferee)*, 11 FCC Rcd 14684 (1996)).

[33] 47 U.S.C. § 310(d) (stating that a license shall not be "transferred, assigned, or disposed of in any manner . . . or by transfer of control of any corporation holding such [] license, to any person except upon application to the Commission and upon finding by the Commission that the public interest, convenience, and necessity will be served thereby"). In addition, when the Commission in a subsequent decision pertaining to *Roy M. Speer* addressed the transfer of control allegation, it explained it would not "attempt to arbitrate contract interpretation" but instead its "objective [was] to determine the locus of control of" the station. *Applications of Roy M. Speer, (Transferor) & Silver Mgmt. Co., (Transferee)*, 11 FCC Rcd 18393, para. 51 (1996); *see also Applications of Roy M. Speer, (Transferor) & Silver Mgmt. Co., (Transferee)*, 13 FCC Rcd 19911, para. 17 (1998) ("[T]he Commission generally does not adjudicate disputes related to private contractual matters. In reaching our decision, we assumed the validity of the Option Agreement, and ruled only on whether it comported with our regulations and policies.").

[34] *See* Letter from Michael H. Strub, Jr., Counsel for BIU, LLC, to Loyaan A. Egal, Chief, Enforcement Bureau, FCC, IB Docket No. 20-399, at 1 (filed June 13, 2023). BIU stated the same in its filings with the United States Court of Appeals for the D.C. Circuit. *See* Petition for Review of Petitioner BIU, LLC, *BIU, LLC v. FCC*, No. 23-1163 (D.C. Cir. June 23, 2023), at 4 n.2 ("BIU did not assume operational control of Spectrum Five").

where the two parties to the contract have opposing views over how their contract should be interpreted and for which the Commission is not the proper forum for adjudication.[35]

9.　　BIU's attempt to distinguish the cases cited by the Bureau holding that the Commission does not adjudicate private contract law questions is unavailing.[36] While BIU claims these cases did not involve the integrity of proceedings before the Commission or the Commission's exclusive jurisdiction over licensing,[37] the cases in fact specifically recognize that the Commission "does not possess the resources, expertise, or jurisdiction to adjudicate" private contractual disputes and that the Commission's approach is to defer to judicial determinations regarding the interpretation and enforcement of contracts in order to preserve its "exclusive authority to make public interest determinations on licensing matters while recognizing the role of state and local courts in adjudicating private contractual disputes."[38]

10.　　Finally, while we take seriously the need to ensure the integrity of our processes, the Bureau properly concluded that the facts here reveal, at most, a private contractual dispute between Spectrum Five and BIU whether the terms of their loan agreement prohibited Spectrum Five from withdrawing the Petition.[39] Accordingly, on alternative and independent grounds, we affirm the Bureau's denial of the Spectrum Five Petition.

## IV. ORDERING CLAUSES

11.　　Accordingly, **IT IS ORDERED** that, pursuant to section 5(c)(5) of the Communications Act of 1934, as amended, 47 U.S.C. § 155(c)(5), and section 1.115 of the Commission's rules, 47 CFR § 1.115, the Application for Review filed by BIU, LLC on January 12, 2024, is DISMISSED and, in the alternative, is DENIED.

12.　　**IT IS FURTHER ORDERED** that a copy of this Memorandum Opinion and Order shall be sent by first class mail and certified mail, return receipt requested, to Counsel for BIU, LLC, Michael H. Strub Jr., Esq., Greenberg Gross LLP, 650 Town Center Drive, Suite 1700, Costa Mesa, California 92626.

FEDERAL COMMUNICATIONS COMMISSION

Marlene H. Dortch
Secretary

---

[35] *See EB MO&O* at para. 7.

[36] AFR at 21-22.

[37] *Id*.

[38] *Arecibo Radio Corp.*, Memorandum Opinion and Order, 101 FCC 2d 545, 548 (1985). *See Applications of Cellco Partnership d/b/a Verizon Wireless and Atlantis Holdings LLC*, Memorandum Opinion and Order and Declaratory Ruling, 23 FCC Rcd 17444, 17538, para. 214 (2008) ("private contractual disputes . . . are best resolved by a local court of competent jurisdiction"); *see also Listeners' Guild, Inc. v. FCC*, 813 F.2d 465, 469 (D.C. Cir. 1987) (referring to the "Commission's longstanding policy of refusing to adjudicate private contract law questions for which a forum exists in the state courts"); *Environmentel, LLC v. FCC*, 661 F.3d 80, 84-86 (D.C. Cir. 2011) (affirming Commission decision permitting withdrawal of assignment application, rejecting proposed assignee's consummation notification, and declining to examine the validity of the parties' contracts).

[39] BIU's claim that BIU cannot bring a civil action to require the Commission to restore the Petition misses the point. *See* AFR at 20. BIU could pursue a civil action in a court of competent jurisdiction alleging that Spectrum Five breached its contract with BIU or otherwise acted without authority when Mr. Wilson on behalf of Spectrum Five withdrew the Petition.