# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

### No. 24-1189

BIU, LLC

*Petitioner,*

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review
from the Federal Communications Commission

## OPENING BRIEF OF PETITIONER

Alan A. Greenberg
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
(702) 777-0888
agreenberg@ggtriallaw.com

*Counsel for Petitioner*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), Petitioner, through the undersigned counsel certifies as follows:

**(A) Parties and Amici:**

Petitioner is BIU, LLC. Respondents are the Federal Communications Commission and the United States of America. There are no amici or intervenors.

**(B) Rulings Under Review:**

The ruling under review is the Memorandum Opinion and Order of the Federal Communications Commission, entered on April 11, 2024, in IB Docket No. 20-399, FCC 24-39, entitled "In the Matter of Spectrum Five LLC – Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses."

**(C) Related Cases:**

BIU, LLC v. FCC, Case No. 23-1163, was previously before this Court and was dismissed as premature on October 19, 2023. BIU is not aware of any other related cases.

## RULE 26.1 DISCLOSURE

The undersigned counsel of record certifies that the Petitioner BIU, LLC has no parent company and no publicly held corporation that owns 10% or more of its ownership units.

DATED this 9th day of September, 2024.

GREENBERG GROSS LLP

 /s/ Alan A. Greenberg
Alan A. Greenberg

# TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............ ii

RULE 26.1 DISCLOSURE ................................................................. iii

TABLE OF CONTENTS........................................................................iv

TABLE OF AUTHORITIES ..................................................................v

GLOSSARY....................................................................................... vii

JURISDICTION....................................................................................1

ISSUES PRESENTED FOR REVIEW ..................................................1

STATEMENT OF THE CASE................................................................2

SUMMARY OF ARGUMENT ..............................................................6

STANDING .........................................................................................7

ARGUMENT .......................................................................................8

    A.    Standard of Review ................................................................8

    B.    The Court Should Direct that the FCC Vacate Its Order and
        Reinstate the Spectrum Five Petition ....................................8

CONCLUSION....................................................................................14

CERTIFICATE OF COMPLIANCE.....................................................15

CERTIFICATE OF SERVICE .............................................................16

STATUTORY AND REGULATORY ADDENDUM ...........................18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Clinical Lab'y Ass'n v. Becerra*,
  40 F.4th 616 (D.C. Cir. 2022)..................................................................8

*In the Matter of Amend. of the Commission's Regul. Policies to Allow
  Non-U.S. Licensed Space Stations to Provide Domestic & Int'l
  Satellite Serv. in the United States*,
  12 F.C.C. Rcd. 24094 (1997)..................................................................13

*American Industrial Door, Inc.*,
  16 F.C.C. Rcd. 16300 (WTB 2001)........................................................9, 11

*In the Matter of Application for Review of Liability of MTD, Inc.*,
  6 F.C.C. Rcd. 34, 1991 WL 637194 (Jan. 7, 1991)................................14

*Applications for the Transfer of Control of D. H. Overmyer Commc'ns
  Co., Inc., & D. H. Overmyer Broad. Co., Inc., from D. H.
  Overmyer to U.S. Commc'ns Corp.*,
  27 F.C.C.2d 982 (1971)............................................................................11

*In re Bressman*,
  874 F.3d 142 (3rd Cir. 2017)....................................................................9

*Champion Communications Services, Inc.*,
  15 F.C.C. Rcd. 12832 (WTB 2000)..........................................................9

*In Re Comtex Commc'ns, Inc.*,
  15 F.C.C. Rcd. 11730 (2000)....................................................................11

*Dausuel v. Dausuel*,
  195 F.2d 774 (D.C. Cir. 1952)..................................................................9

*Davis v. U.S. Dep't of Health & Hum. Servs.*,
  968 F.Supp.2d 176 (D.D.C. 2013), aff'd, No. 1:12-CV-01246-JDB,
  2014 WL 2178705 (D.C. Cir. Apr. 25, 2014)..........................................10

*Listeners' Guild, Inc. v. F.C.C.*,
  813 F.2d 465 (D.C. Cir. 1987)..................................................................12

*Long v. Shorebank Dev. Corp.*,
  182 F.3d 548 (7th Cir. 1999) ...............................................................9

*Luttrell v. United States*,
  644 F.2d 1274 (9th Cir. 1980) ...........................................................10

*In re Noble Syndications Inc.*,
  74 F.C.C.2d 124, 1979 WL 43971 (Oct. 11, 1979)............................14

*Synanon Church v. United States*,
  579 F. Supp. 967 (D.D.C. 1984), aff'd, 820 F.2d 421 (D.C. Cir.
  1987) ...................................................................................................10

*WSTE-TV v. F.C.C.*,
  566 F.2d 333 (D.C. Cir. 1977).............................................................13

**Statutes**

5 U.S.C. § 706(2)(A) ...................................................................................8

28 U.S.C. § 2342(1) .....................................................................................1

47 U.S.C. § 155(c)(4) and (c)(7)...................................................................1

47 U.S.C. § 402(a) .......................................................................................1

47 U.S.C. § 405(a) .....................................................................................10

**Other Authorities**

47 CFR § 1.106(f) ......................................................................................10

47 CFR § 1.115(d) ..........................................................................1, 13, 14

47 CFR §§ 54.719 and 54.720 ...............................................................1, 13

Fed. R. Civ. Proc. 60(b)(3) ...............................................................9, 10, 11

# GLOSSARY

| | |
|---|---|
| AFR | Application for Review |
| BIU | Petitioner BIU, LLC |
| FCC or the Commission | Federal Communications Commission |
| Intelsat | Intelsat License LLC |
| ITU | International Telecommunication Union |
| Spectrum Five | Spectrum Five LLC |
| Spectrum Five Petition or Petition | Spectrum Five, LLC's Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses, IB Docket No. 20-399 (filed Nov. 6, 2020) |
| 95 W | 95.05 degrees west longitude |
| PA | Petitioner's Appendix |

**JURISDICTION**

This Court has jurisdiction over BIU's petition for review under 28 U.S.C. § 2342(1) and 47 U.S.C. § 402(a). The FCC issued its final order on April 11, 2024. BIU timely filed its petition for review of that order on June 7, 2024. The FCC had subject-matter jurisdiction of the underlying AFR pursuant to 47 U.S.C. § 155(c)(4) and (c)(7).

**ISSUES PRESENTED FOR REVIEW**

1.  Whether the FCC's denial of BIU's AFR was arbitrary, capricious, and an abuse of discretion, where BIU showed that: (a) the dismissal of the Spectrum Five Petition was fraudulently requested by Spectrum Five in derogation of BIU's right to pursue the Spectrum Five Petition; (b) the dismissal of the Spectrum Five Petition was contrary to the public interest; and (c) there was no showing of any unfair prejudice to any party from a reinstatement of the Spectrum Five Petition.

2.  Whether the FCC's dismissal of BIU's AFR was arbitrary, capricious, and an abuse of discretion, where the FCC recognized that BIU erroneously filed the AFR under 47 CFR §§ 54.719 and 54.720 within 60 days after the decision of the Enforcement Bureau rather than the 30 days permitted under 47 CFR § 1.115(d), and there was no prejudice from the brief delay.

**A.     The Spectrum Five Petition**

This matter initially came before the FCC when Spectrum Five filed its Petition on November 6, 2020.  PA007-098.  The Petition asked the Commission to direct Intelsat to come into compliance with the terms of its FCC licenses for two space satellites located at 95 W, and to revoke those licenses due to continuing gross and willful violations of the license terms.  PA007.

Intelsat's licenses pertain to two new satellites at 95 W for providing satellite television service in Latin America and Puerto Rico.  The licenses expressly required Intelsat to obtain, through the FCC's International Bureau, rights to operate the satellites from the International Telecommunication Union (ITU), and to undertake any necessary coordination required by ITU rules.   PA007.

Spectrum Five had senior priority rights to operate at 95 W from the Netherlands administration.  PA008-009.  Spectrum Five brought its own satellite into place at 95 W in March 2019.  *Id.*

As alleged in detail in the Petition, the Satellite Division improperly allowed Intelsat to operate rogue satellites that operated at power limits that were double the ITU limits and at a satellite uplink antenna gain of 5,000 percent over what is specified in any ITU satellite network.  PA011.  Intelsat systematically flouted the requirements of its licenses, misrepresented and covered up its non-compliance, and

prosecuted a tortious, predatory campaign to bury Spectrum Five, a tiny, would-be competitor. PA008.

Further, Spectrum Five alleged that the Satellite Division of the FCC's International Bureau – which was empowered and obligated by US law and international treaties to independently supervise Intelsat and assure its compliance with all regulations – treated Intelsat as a "client," failed to supervise Intelsat, and took actions to benefit Intelsat that exceeded its delegated authority. Intelsat enlisted the Satellite Division into helping it deny Spectrum Five its lawful right to operate. PA008-011. Notably, the Division Chief of the Satellite Division was Jose Albuquerque, who had been a long-time employee of Intelsat. PA023-024. Albuquerque did not recuse himself from matters relating to the dispute between Intelsat and Spectrum Five. PA023-030. After Albuquerque abruptly resigned, the chief of the FCC's International Bureau referred to Intelsat as "the FCC's client." PA030-031.

In its Petition, Spectrum Five alleged irreparable harm and called upon the FCC to take action to terminate Intelsat's unauthorized operations at 95 W, vindicate its own rules and international obligations, and ensure that other satellites can conduct their own properly authorized operations free of interference. PA011, 043-044.

**B.      The Sudden Dismissal**

For more than two years, Spectrum Five pursued its Petition vigorously.  As recently as January 19, 2023, Spectrum Five submitted a comprehensive letter to the FCC's Office of General Counsel, explaining why Intelsat was in violation of its licenses for the subject satellites.  PA099-103.

Shortly thereafter, on April 12, 2023, Spectrum Five notified the FCC, without any explanation, that Spectrum Five was withdrawing its Petition.  PA104.  Based on the withdrawal, the FCC's Enforcement Bureau issued an Order on April 24, 2023, dismissing the Petition with prejudice and terminating the proceeding.  PA105.

**C.      BIU's Request to Reinstate the Petition**

BIU was a secured lender to Spectrum Five, which granted BIU a security interest in, among other things, the "Contract Right," a defined term that means "any right of [Spectrum Five] to the [95 W] slot."  PA169-171.  Spectrum Five also granted BIU an irrevocable power of attorney, under which BIU was appointed as Spectrum Five's attorney-in-fact to act in behalf of Spectrum Five for several enumerated matters, including a plenary power of attorney to "do all other acts and things necessary … to fulfill [Spectrum Five's] obligations" to BIU.  PA171-172.  Spectrum Five failed to repay its obligation to BIU by the due date of August 1, 2021 and was in default of its agreements with BIU.  PA108, 207.

Spectrum Five withdrew its Petition without notifying BIU. Within 48 hours of learning of the withdrawal and dismissal of the Petition, BIU submitted a written request to the Enforcement Burau to reinstate the Petition. That request was submitted on June 9, 2023, which was only 46 days after the dismissal. PA106-229. The withdrawal of the Petition was made at the direction of R. David Wilson, who purported to act on behalf of Spectrum Five. PA106, 112. BIU explained in detail that the withdrawal of the Petition was fraudulent and in derogation of the rights of BIU, and indeed was inexplicable absent an ulterior motive, such as bribery, that would redound to the sole benefit of R. David Wilson at the expense of other investors in Spectrum Five and of BIU. PA106-110.

After the Chief of the Enforcement Bureau requested a written response from the attorney for Spectrum Five and from Mr. Wilson, Mr. Wilson (but not the attorney) submitted a letter dated August 25, 2023. PA230, 231-236. The letter from Mr. Wilson conspicuously omitted to state any reason why Mr. Wilson directed Spectrum Five's attorney to withdraw the Petition other than evasively to note that he "believed it was in the best interest of Spectrum Five." PA233.

BIU submitted a written response to Mr. Wilson's letter, pointing out that Mr. Wilson failed to respond to the central points in BIU's written request for reinstatement of the Petition. PA237-272. BIU further pointed out that the integrity of the proceedings are at stake. PA239.

In a Memorandum Opinion and Order issued on November 13, 2023, the Enforcement Bureau dismissed, or alternatively, denied BIU's request to reinstate the Spectrum Five Petition. PA273-276.

### D. BIU's Application for Review to the Commission

BIU then filed an Application for Review (AFR) to the Commission. PA277-304. On April 11, 2024, the Commission issued a Memorandum Opinion and Order, dismissing, or alternatively, denying the AFR. PA305-309.

### E. BIU's Present Petition for Review to This Court

On June 7, 2024, BIU filed a timely petition before this Court for review of the FCC's order of April 11, 2024.

## SUMMARY OF ARGUMENT

The Spectrum Five Petition raises important matters of both public and private concern, including accusations of wrongdoing by senior FCC staff. The withdrawal of the Petition by R. David Wilson, who concealed the withdrawal from BIU, the irrevocable attorney-in-fact for Spectrum Five, was a fraud on the Commission and has no legitimate explanation.

BIU had a right to reinstatement of the Petition and acted very quickly to seek reinstatement of the Petition. There was and is no prejudice to anyone if the Petition is reinstated. Nothing less than reinstatement will vindicate the important public interest at stake as well as BIU's interest as the secured lender to Spectrum Five.

## STANDING

BIU has standing because it is the party whose application for review was dismissed and denied by the FCC. Further, BIU is Spectrum Five's attorney-in-fact pursuant to a series of written agreements.

Spectrum Five and BIU are parties to that certain Loan Agreement dated September 6, 2018, as supplemented and amended by that certain Amended and Restated Loan Agreement dated August 28, 2019, as further supplemented and amended by that certain Second Amended and Restated Loan Agreement dated December 30, 2019, and as further supplemented and amended by that certain Third Amended and Restated Loan Agreement dated January 31, 2020 (PA115-167); the Security Agreement dated September 6, 2018 (PA169-175); the UCC Security Agreement dated August 28, 2019 (PA177-182); the Pledge Agreement dated September 2018 (PA184-197); the Letter Agreement entered into as of September 5, 2020 (PA200-204); and the Letter Agreement entered into as of February 15, 2021 (PA206-211).

BIU's loan to Spectrum Five pursuant to these loan documents is in default as the loan was not repaid by August 1, 2021, which was the due date pursuant to Section 4 of the 2021 Letter Agreement. PA207. Therefore, BIU is entitled to exercise all rights and remedies under the loan documents. Those rights include, without limitation, the rights under Section 3.4 of the Security Agreement and

Section 6 of the Pledge Agreement, pursuant to which Spectrum Five has irrevocably designated, made, constituted, and appointed BIU as Spectrum Five's true and lawful attorney-in-fact.  PA171-172, 190-191.

## ARGUMENT

### A.  Standard of Review

The Court "must 'set aside agency action' that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Am. Clinical Lab'y Ass'n v. Becerra,* 40 F.4th 616, 624 (D.C. Cir. 2022) (quoting 5 U.S.C. § 706(2)(A)).

### B.  The Court Should Direct that the FCC Vacate Its Order and Reinstate the Spectrum Five Petition

The chief reason to grant BIU's petition for review and direct the FCC to vacate its order and to reinstate the Spectrum Five Petition is that the public interest and the integrity of the FCC's entire process are at stake.  Spectrum Five's Petition raised matters of great public concern regarding the blatant violations by Intelsat of its licenses to operate satellites, and the complicity of the Satellite Division of the FCC's International Bureau in allowing Intelsat to continue its abusive practices and in protecting Intelsat from the consequences of its misconduct.  PA007-044.

The precipitous, unexplained, and fraudulent withdrawal of the Spectrum Five Petition under these circumstances must not be allowed to stand or Intelsat's egregious violations will be allowed to continue unabated.

The Commission's own precedent supports the reinstatement of the Petition. For example, in *Champion Communications Services, Inc.*, 15 F.C.C. Rcd. 12832 ¶¶ 2-4 (WTB 2000), Sagra Farms, Inc. assigned a license to Champion Communication Services, Inc., but the person who signed the assignment application "had no authority to do so." Based on this, the Commission determined that it was appropriate to reinstate the license to Sagra Farms. See *id.* ¶¶ 3, 4.

The unauthorized withdrawal of the Petition amounts to a fraud on the Commission itself. *See American Industrial Door, Inc.*, 16 F.C.C. Rcd. 16300 ¶ 5 & n.10 (WTB 2001). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. Proc. 60(b)(3); *see also Dausuel v. Dausuel*, 195 F.2d 774, 775 (D.C. Cir. 1952) ("A court may at any time set aside a judgment for after-discovered fraud upon the court"); *In re Bressman*, 874 F.3d 142, 150 (3rd Cir. 2017) (district court did not abuse its discretion vacating judgment based on failure to disclose information about settlement agreement); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 561 (7th Cir. 1999) ("an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court."); Fed. R. Civ. Proc. 60(b)(3). Fraud on the Commission includes, as here, where "the attorney fraudulently or without authority

assumes to represent a party and connives at his defeat." *Luttrell v. United States*, 644 F.2d 1274, 1276 (9th Cir. 1980).

Fraud on the Commission is fraud that "subvert[s] the integrity of the" Commission. *See Synanon Church v. United States*, 579 F. Supp. 967, 974 (D.D.C. 1984), aff'd, 820 F.2d 421 (D.C. Cir. 1987); *see also Davis v. U.S. Dep't of Health & Hum. Servs.*, 968 F.Supp.2d 176, 184 (D.D.C. 2013), aff'd, No. 1:12-CV-01246-JDB, 2014 WL 2178705 (D.C. Cir. Apr. 25, 2014) ("Fraud on the court is fraud which is directed to the judicial machinery itself") (quoting *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642–43 (D.C. Cir.1996)).

Here, Jenner & Block had no authority to withdraw the Petition on behalf of Spectrum Five. It did so at the direction of Mr. Wilson, who also lacked authority to cause Spectrum Five to withdraw the Petition. Wilson concealed from BIU that he was requesting to withdraw the Petition on behalf of Spectrum Five, and BIU formally requested the Enforcement Bureau to reinstate the Petition immediately upon finding out about it, only 46 days after the Petition had been dismissed.

The Enforcement Bureau denied BIU's request for reinstatement of the Petition because it was filed after the 30-day deadline in 47 U.S.C. § 405(a) and 47 CFR § 1.106(f). PA274-275. BIU filed its request immediately after it learned that the Petition had been withdrawn and only about two weeks after the deadline. Strict enforcement of these statutory deadlines is superseded by the need to

preserve the integrity of the Commission's processes by reviewing whether the Petition was validly withdrawn and should be reinstated.  *See American Industrial Door, Inc.*, 16 F.C.C. Rcd. 16300, ¶ 5 & n.10 (WTB 2001) (explaining, in a case where a timely petition for reconsideration was not properly filed, that "[e]ven when a proper petition for reconsideration is not filed, we will consider taking action on our own motion in cases where there is possible fraud on the Commission's processes"); *Applications for the Transfer of Control of D. H. Overmyer Commc'ns Co., Inc., & D. H. Overmyer Broad. Co., Inc., from D. H. Overmyer to U.S. Commc'ns Corp.*, 27 F.C.C.2d 982, 984, ¶ 6 (1971) ("Both Court and Commission case precedents have recognized an inherent power to reopen a judgment at any time where it is procured by fraud"); *In Re Comtex Commc'ns, Inc.*, 15 F.C.C. Rcd. 11730, 11731, ¶ 6 (2000) ("The fact that Tufco did not file a petition for reconsideration within thirty days of the Comtex grant does not limit the Commission's authority to modify or to revoke a license"); *cf.* Fed. R. Civ. Proc. 60(b)(3) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.").

There is no prejudice to anyone from reinstatement of the Petition.  BIU has the absolute right under the parties' agreements to pursue the Petition on behalf of

Spectrum Five.  To hold Intelsat to the terms of its licenses does not constitute prejudice.  Intelsat has no right to be free from having to comply with the licenses under which it operates its satellites.

In denying relief, the FCC labeled the matter as a "private contractual dispute" that should be adjudicated in court.  PA305-309.  But this is an arbitrary and capricious conclusion in that there is no adequate forum that can stop Intelsat from continuing to violate its licenses and there is no forum available that would allow the public and private interests at stake to be vindicated.  In *Listeners' Guild, Inc. v. F.C.C.,* 813 F.2d 465, 469 (D.C. Cir. 1987), the court held that it was reasonable for the FCC to adopt a "wait and see" posture where there was ongoing litigation in state court and the FCC expressly observed that the license renewal application remained subject to and without prejudice to whatever action may be appropriate after the resolution of the state court case.  That case stands in contrast to the instant case in which the Petition was dismissed with prejudice on a fraudulent basis and there is no other forum that will effectively decide the matter.

The underlying rights at issue are public rights.  They do not belong to Intelsat or any other private party.  The public has an interest in ensuring that Intelsat is not operating beyond the scope of its license just as it does in any other aspect of communications that the Commission regulates.  *See In the Matter of Amend. of the Commission's Regul. Policies to Allow Non-U.S. Licensed Space*

*Stations to Provide Domestic & Int'l Satellite Serv. in the United States*, 12 F.C.C. Rcd. 24094, 24098, ¶ 7 (1997) (discussing public policy interests in connection with allowing non-U.S. licensed satellites to broadcast into the U.S.).

Finally, it was an abuse of discretion for the FCC to dismiss the AFR as untimely because it was filed 60 days after the decision of the Enforcement Bureau rather than the 30 days permitted under 47 CFR § 1.115(d). The FCC recognized that the AFR was erroneously filed under 47 CFR §§ 54.719 and 54.720, which set forth a 60-day deadline. PA307. The 30-day deadline was not jurisdictional and there was no prejudice from the brief delay. Accordingly, the Commission should have waived and forgiven the error and determined the matter on the merits. This is particularly so given that the AFR and the fraudulent dismissal of the Petition raise serious issues concerning the public interest and the integrity of the Commission's procedures. See *WSTE-TV v. F.C.C.,* 566 F.2d 333, 337 (D.C. Cir. 1977) (dismissal on purely procedural grounds such as untimeliness cannot be upheld unless it is clear that the Commission considered whether the public interest would be served by reviewing the matter on the merits); *In the Matter of Application for Review of Liability of MTD, Inc.,* 6 F.C.C. Rcd. 34, 1991 WL 637194 at *1, fn. 2 (Jan. 7, 1991) (time limit is established solely by rule and can be waived, with waiver appropriate in absence of prejudice); *In re Noble Syndications Inc.,* 74 F.C.C.2d 124, 1979 WL

43971 at *3 (Oct. 11, 1979) (FCC waiver of untimeliness under section 1.115(d) where no prejudice).

## CONCLUSION

For the foregoing reasons, the Court should set aside the FCC's denial of BIU's Application for Review and should direct the FCC to reinstate the Spectrum Five Petition.

DATED this 9th day of September, 2024.

Respectfully submitted,

 /s/ Alan A. Greenberg
Alan A. Greenberg
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
(702) 777-0888
*Counsel for Petitioner*

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 32 of the Federal Rules of Appellate Procedure and Circuit Rule 32(e)(1) because it contains 3064 words and has been prepared in a proportionally spaced typeface using Times New Roman, 14 point.

_____/s/ Alan A. Greenberg_____
Alan A. Greenberg

# CERTIFICATE OF SERVICE

## BIU, LLC v. Spectrum Five LLC
## 24-1189

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On September 9, 2024, I served true copies of the following document(s) described as **OPENING BRIEF OF PETITIONER AND PETITIONER'S APPENDIX** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 9, 2024, at Costa Mesa, California.

Lucia Rodriguez

Sarah Elizabeth Citrin
Direct: 202-418-1537
Email: sarah.citrin@fcc.gov
[COR LD NTC Gvt US Agency]
Federal Communications Commission
(FCC) Office of General Counsel
8th Floor
Firm: 202-418-1720
45 L Street, NE
Washington, DC 20554-0004

Jacob M. Lewis, Associate General Counsel
Direct: 202-418-1767
Email: jacob.lewis@fcc.gov
Fax: 202-418-2819
[COR LD NTC Gvt US Agency]
Federal Communications Commission
(FCC) Office of General Counsel
Firm: 202-418-1720
45 L Street, NE
Washington, DC 20554-0004

# STATUTORY AND REGULATORY ADDENDUM

# TABLE OF CONTENTS

5 U.S.C. § 706 ...................................................................Add. 1

28 U.S.C. § 2342 ...............................................................Add. 3

47 U.S.C. § 155 .................................................................Add. 5

47 U.S.C. § 402 .................................................................Add. 8

47 U.S.C. § 405 ...............................................................Add. 11

47 C.F.R. § 1.106 .............................................................Add. 13

47 C.F.R. § 1.115 .............................................................Add. 18

47 C.F.R. § 54.719 ...........................................................Add. 22

47 C.F.R. § 54.720 ...........................................................Add. 23

United States Code Annotated
   Title 5. Government Organization and Employees (Refs & Annos)
      Part I. The Agencies Generally
         Chapter 7. Judicial Review (Refs & Annos)

5 U.S.C.A. § 706

§ 706. Scope of review

Currentness

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--

  **(1)** compel agency action unlawfully withheld or unreasonably delayed; and

  **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--

    **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    **(B)** contrary to constitutional right, power, privilege, or immunity;

    **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    **(D)** without observance of procedure required by law;

    **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

**CREDIT(S)**

  (Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 393.)

Notes of Decisions (5645)

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

5 U.S.C.A. § 706, 5 USCA § 706
Current through P.L. 118-78. Some statute sections may be more current, see credits for details.

End of Document     © 2024 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part VI. Particular Proceedings
      Chapter 158. Orders of Federal Agencies; Review (Refs & Annos)

28 U.S.C.A. § 2342

§ 2342. Jurisdiction of court of appeals

Effective: October 6, 2006
Currentness

The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of--

**(1)** all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47;

**(2)** all final orders of the Secretary of Agriculture made under chapters 9 and 20A of title 7, except orders issued under sections 210(e), 217a, and 499g(a) of title 7;

**(3)** all rules, regulations, or final orders of--

**(A)** the Secretary of Transportation issued pursuant to section 50501, 50502, 56101-56104, or 57109 of title 46 or pursuant to part B or C of subtitle IV, subchapter III of chapter 311, chapter 313, or chapter 315 of title 49; and

**(B)** the Federal Maritime Commission issued pursuant to section 305, 41304, 41308, or 41309 or chapter 421 or 441 of title 46;

**(4)** all final orders of the Atomic Energy Commission made reviewable by section 2239 of title 42;

**(5)** all rules, regulations, or final orders of the Surface Transportation Board made reviewable by section 2321 of this title;

**(6)** all final orders under section 812 of the Fair Housing Act; and

**(7)** all final agency actions described in section 20114(c) of title 49.

Jurisdiction is invoked by filing a petition as provided by section 2344 of this title.

**CREDIT(S)**

(Added Pub.L. 89-554, § 4(e), Sept. 6, 1966, 80 Stat. 622; amended Pub.L. 93-584, § 4, Jan. 2, 1975, 88 Stat. 1917; Pub.L. 95-454, Title II, § 206, Oct. 13, 1978, 92 Stat. 1144; Pub.L. 96-454, § 8(b)(2), Oct. 15, 1980, 94 Stat. 2021; Pub.L. 97-164, Title I, § 137, Apr. 2, 1982, 96 Stat. 41; Pub.L. 98-554, Title II, § 227(a)(4), Oct. 30, 1984, 98 Stat. 2852; Pub.L. 99-336, § 5(a), June 19, 1986, 100 Stat. 638; Pub.L. 100-430, § 11(a), Sept. 13, 1988, 102 Stat. 1635; Pub.L. 102-365, § 5(c)(2), Sept. 3, 1992, 106 Stat. 975; Pub.L. 103-272, § 5(h), July 5, 1994, 108 Stat. 1375; Pub.L. 104-88, Title III, § 305(d)(5) to (8), Dec. 29, 1995, 109 Stat. 945; Pub.L. 104-287, § 6(f)(2), Oct. 11, 1996, 110 Stat. 3399; Pub.L. 109-59, Title IV, § 4125(a), Aug. 10, 2005, 119 Stat. 1738; Pub.L. 109-304, § 17(f)(3), Oct. 6, 2006, 120 Stat. 1708.)

Notes of Decisions (234)

28 U.S.C.A. § 2342, 28 USCA § 2342
Current through P.L. 118-78. Some statute sections may be more current, see credits for details.

**End of Document**　　　　　　　　　　　　　　© 2024 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
Title 47. Telecommunications (Refs & Annos)
Chapter 5. Wire or Radio Communication (Refs & Annos)
Subchapter I. General Provisions (Refs & Annos)

47 U.S.C.A. § 155

§ 155. Commission

Effective: February 8, 1996
Currentness

**(a) Chairman; duties; vacancy**

The member of the Commission designated by the President as chairman shall be the chief executive officer of the Commission. It shall be his duty to preside at all meetings and sessions of the Commission, to represent the Commission in all matters relating to legislation and legislative reports, except that any commissioner may present his own or minority views or supplemental reports, to represent the Commission in all matters requiring conferences or communications with other governmental officers, departments or agencies, and generally to coordinate and organize the work of the Commission in such manner as to promote prompt and efficient disposition of all matters within the jurisdiction of the Commission. In the case of a vacancy in the office of the chairman of the Commission, or the absence or inability of the chairman to serve, the Commission may temporarily designate one of its members to act as chairman until the cause or circumstance requiring such designation shall have been eliminated or corrected.

**(b) Organization of staff**

From time to time as the Commission may find necessary, the Commission shall organize its staff into (1) integrated bureaus, to function on the basis of the Commission's principal workload operations, and (2) such other divisional organizations as the Commission may deem necessary. Each such integrated bureau shall include such legal, engineering, accounting, administrative, clerical, and other personnel as the Commission may determine to be necessary to perform its functions.

**(c) Delegation of functions; exceptions to initial orders; force, effect and enforcement of orders; administrative and judicial review; qualifications and compensation of delegates; assignment of cases; separation of review and investigative or prosecuting functions; secretary; seal**

**(1)** When necessary to the proper functioning of the Commission and the prompt and orderly conduct of its business, the Commission may, by published rule or by order, delegate any of its functions (except functions granted to the Commission by this paragraph and by paragraphs (4), (5), and (6) of this subsection and except any action referred to in sections 204(a)(2), 208(b), and 405(b) of this title) to a panel of commissioners, an individual commissioner, an employee board, or an individual employee, including functions with respect to hearing, determining, ordering, certifying, reporting, or otherwise acting as to any work, business, or matter; except that in delegating review functions to employees in cases of adjudication (as defined in section 551 of Title 5), the delegation in any such case may be made only to an employee board consisting of two or more employees referred to in paragraph (8) of this subsection. Any such rule or order may be adopted, amended, or rescinded only by a vote of a majority of the members of the Commission then holding office. Except for cases involving the authorization of service in the instructional television fixed service, or as otherwise provided in this chapter, nothing in this paragraph shall

authorize the Commission to provide for the conduct, by any person or persons other than persons referred to in paragraph (2) or (3) of section 556(b) of Title 5, of any hearing to which such section applies.

**(2)** As used in this subsection the term "order, decision, report, or action" does not include an initial, tentative, or recommended decision to which exceptions may be filed as provided in section 409(b) of this title.

**(3)** Any order, decision, report, or action made or taken pursuant to any such delegation, unless reviewed as provided in paragraph (4) of this subsection, shall have the same force and effect, and shall be made, evidenced, and enforced in the same manner, as orders, decisions, reports, or other actions of the Commission.

**(4)** Any person aggrieved by any such order, decision, report or action may file an application for review by the Commission within such time and in such manner as the Commission shall prescribe, and every such application shall be passed upon by the Commission. The Commission, on its own initiative, may review in whole or in part, at such time and in such manner as it shall determine, any order, decision, report, or action made or taken pursuant to any delegation under paragraph (1) of this subsection.

**(5)** In passing upon applications for review, the Commission may grant, in whole or in part, or deny such applications without specifying any reasons therefor. No such application for review shall rely on questions of fact or law upon which the panel of commissioners, individual commissioner, employee board, or individual employee has been afforded no opportunity to pass.

**(6)** If the Commission grants the application for review, it may affirm, modify, or set aside the order, decision, report, or action, or it may order a rehearing upon such order, decision, report, or action in accordance with section 405 of this title.

**(7)** The filing of an application for review under this subsection shall be a condition precedent to judicial review of any order, decision, report, or action made or taken pursuant to a delegation under paragraph (1) of this subsection. The time within which a petition for review must be filed in a proceeding to which section 402(a) of this title applies, or within which an appeal must be taken under section 402(b) of this title, shall be computed from the date upon which public notice is given of orders disposing of all applications for review filed in any case.

**(8)** The employees to whom the Commission may delegate review functions in any case of adjudication (as defined in section 551 of Title 5) shall be qualified, by reason of their training, experience, and competence, to perform such review functions, and shall perform no duties inconsistent with such review functions. Such employees shall be in a grade classification or salary level commensurate with their important duties, and in no event less than the grade classification or salary level of the employee or employees whose actions are to be reviewed. In the performance of such review functions such employees shall be assigned to cases in rotation so far as practicable and shall not be responsible to or subject to the supervision or direction of any officer, employee, or agent engaged in the performance of investigative or prosecuting functions for any agency.

**(9)** The secretary and seal of the Commission shall be the secretary and seal of each panel of the Commission, each individual commissioner, and each employee board or individual employee exercising functions delegated pursuant to paragraph (1) of this subsection.

**(d) Meetings**

Meetings of the Commission shall be held at regular intervals, not less frequently than once each calendar month, at which times the functioning of the Commission and the handling of its work load shall be reviewed and such orders shall be entered and other action taken as may be necessary or appropriate to expedite the prompt and orderly conduct of the business of the Commission with the objective of rendering a final decision (1) within three months from the date of filing in all original application, renewal, and transfer cases in which it will not be necessary to hold a hearing, and (2) within six months from the final date of the hearing in all hearing cases.

**(e) Managing Director; appointment, functions, pay**

The Commission shall have a Managing Director who shall be appointed by the Chairman subject to the approval of the Commission. The Managing Director, under the supervision and direction of the Chairman, shall perform such administrative and executive functions as the Chairman shall delegate. The Managing Director shall be paid at a rate equal to the rate then payable for level V of the Executive Schedule.

**CREDIT(S)**

(June 19, 1934, c. 652, Title I, § 5, 48 Stat. 1068; July 16, 1952, c. 879, § 4, 66 Stat. 712; Pub.L. 87-192, §§ 1, 2, Aug. 31, 1961, 75 Stat. 420; Pub.L. 96-470, Title I, § 116, Oct. 19, 1980, 94 Stat. 2240; Pub.L. 97-35, Title XII, § 1252, Aug. 13, 1981, 95 Stat. 738; Pub.L. 97-259, Title I, § 105, Sept. 13, 1982, 96 Stat. 1091; Pub.L. 99-272, Title V, § 5002(c), Apr. 7, 1986, 100 Stat. 118; Pub.L. 100-594, §§ 4, 8(a), Nov. 3, 1988, 102 Stat. 3021, 3023; Pub.L. 103-414, Title III, § 303(a)(2), Oct. 25, 1994, 108 Stat. 4294; Pub.L. 104-104, Title IV, § 403(c), Feb. 8, 1996, 110 Stat. 130.)

Notes of Decisions (12)

47 U.S.C.A. § 155, 47 USCA § 155
Current through P.L. 118-78. Some statute sections may be more current, see credits for details.

  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW** © 2024 Thomson Reuters. No claim to original U.S. Government Works. Add.7   3

United States Code Annotated
  Title 47. Telecommunications (Refs & Annos)
    Chapter 5. Wire or Radio Communication (Refs & Annos)
      Subchapter IV. Procedural and Administrative Provisions

47 U.S.C.A. § 402

§ 402. Judicial review of Commission's orders and decisions

Effective: October 8, 2010
Currentness

**(a) Procedure**

Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28.

**(b) Right to appeal**

Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

**(1)** By any applicant for a construction permit or station license, whose application is denied by the Commission.

**(2)** By any applicant for the renewal or modification of any such instrument of authorization whose application is denied by the Commission.

**(3)** By any party to an application for authority to transfer, assign, or dispose of any such instrument of authorization, or any rights thereunder, whose application is denied by the Commission.

**(4)** By any applicant for the permit required by section 325 of this title whose application has been denied by the Commission, or by any permittee under said section whose permit has been revoked by the Commission.

**(5)** By the holder of any construction permit or station license which has been modified or revoked by the Commission.

**(6)** By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in paragraphs (1), (2), (3), (4), and (9) of this subsection.

**(7)** By any person upon whom an order to cease and desist has been served under section 312 of this title.

**(8)** By any radio operator whose license has been suspended by the Commission.

**(9)** By any applicant for authority to provide interLATA services under section 271 of this title whose application is denied by the Commission.

**(10)** By any person who is aggrieved or whose interests are adversely affected by a determination made by the Commission under section 618(a)(3) of this title.

**(c) Filing notice of appeal; contents; jurisdiction; temporary orders**

Such appeal shall be taken by filing a notice of appeal with the court within thirty days from the date upon which public notice is given of the decision or order complained of. Such notice of appeal shall contain a concise statement of the nature of the proceedings as to which the appeal is taken; a concise statement of the reasons on which the appellant intends to rely, separately stated and numbered; and proof of service of a true copy of said notice and statement upon the Commission. Upon filing of such notice, the court shall have jurisdiction of the proceedings and of the questions determined therein and shall have power, by order, directed to the Commission or any other party to the appeal, to grant such temporary relief as it may deem just and proper. Orders granting temporary relief may be either affirmative or negative in their scope and application so as to permit either the maintenance of the status quo in the matter in which the appeal is taken or the restoration of a position or status terminated or adversely affected by the order appealed from and shall, unless otherwise ordered by the court, be effective pending hearing and determination of said appeal and compliance by the Commission with the final judgment of the court rendered in said appeal.

**(d) Notice to interested parties; filing of record**

Upon the filing of any such notice of appeal the appellant shall, not later than five days after the filing of such notice, notify each person shown by the records of the Commission to be interested in said appeal of the filing and pendency of the same. The Commission shall file with the court the record upon which the order complained of was entered, as provided in section 2112 of Title 28.

**(e) Intervention**

Within thirty days after the filing of any such appeal any interested person may intervene and participate in the proceedings had upon said appeal by filing with the court a notice of intention to intervene and a verified statement showing the nature of the interest of such party, together with proof of service of true copies of said notice and statement, both upon appellant and upon the Commission. Any person who would be aggrieved or whose interest would be adversely affected by a reversal or modification of the order of the Commission complained of shall be considered an interested party.

**(f) Records and briefs**

The record and briefs upon which any such appeal shall be heard and determined by the court shall contain such information and material, and shall be prepared within such time and in such manner as the court may by rule prescribe.

**(g) Time of hearing; procedure**

The court shall hear and determine the appeal upon the record before it in the manner prescribed by section 706 of Title 5.

**(h) Remand**

In the event that the court shall render a decision and enter an order reversing the order of the Commission, it shall remand the case to the Commission to carry out the judgment of the court and it shall be the duty of the Commission, in the absence of the proceedings to review such judgment, to forthwith give effect thereto, and unless otherwise ordered by the court, to do so upon the basis of the proceedings already had and the record upon which said appeal was heard and determined.

**(i) Judgment for costs**

The court may, in its discretion, enter judgment for costs in favor of or against an appellant, or other interested parties intervening in said appeal, but not against the Commission, depending upon the nature of the issues involved upon said appeal and the outcome thereof.

**(j) Finality of decision; review by Supreme Court**

The court's judgment shall be final, subject, however, to review by the Supreme Court of the United States upon writ of certiorari on petition therefor under section 1254 of Title 28, by the appellant, by the Commission, or by any interested party intervening in the appeal, or by certification by the court pursuant to the provisions of that section.

**CREDIT(S)**

(June 19, 1934, c. 652, Title IV, § 402, 48 Stat. 1093; May 20, 1937, c. 229, §§ 11 to 13, 50 Stat. 197; May 24, 1949, c. 139, § 132, 63 Stat. 108; July 16, 1952, c. 879, § 14, 66 Stat. 718; Pub.L. 85-791, § 12, Aug. 28, 1958, 72 Stat. 945; Pub.L. 97-259, Title I, §§ 121, 127(b), Sept. 13, 1982, 96 Stat. 1097, 1099; Pub.L. 98-620, Title IV, § 402(50), Nov. 8, 1984, 98 Stat. 3361; Pub.L. 104-104, Title I, § 151(b), Feb. 8, 1996, 110 Stat. 107; Pub.L. 111-260, Title I, § 104(d), Oct. 8, 2010, 124 Stat. 2762.)

Notes of Decisions (203)

47 U.S.C.A. § 402, 47 USCA § 402
Current through P.L. 118-78. Some statute sections may be more current, see credits for details.

**WESTLAW**    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

United States Code Annotated
  Title 47. Telecommunications (Refs & Annos)
    Chapter 5. Wire or Radio Communication (Refs & Annos)
      Subchapter IV. Procedural and Administrative Provisions

47 U.S.C.A. § 405

§ 405. Petition for reconsideration; procedure; disposition; time of filing; additional evidence; time for disposition of petition for reconsideration of order concluding hearing or investigation; appeal of order

Currentness

**(a)** After an order, decision, report, or action has been made or taken in any proceeding by the Commission, or by any designated authority within the Commission pursuant to a delegation under section 155(c)(1) of this title, any party thereto, or any other person aggrieved or whose interests are adversely affected thereby, may petition for reconsideration only to the authority making or taking the order, decision, report, or action; and it shall be lawful for such authority, whether it be the Commission or other authority designated under section 155(c)(1) of this title, in its discretion, to grant such a reconsideration if sufficient reason therefor be made to appear. A petition for reconsideration must be filed within thirty days from the date upon which public notice is given of the order, decision, report, or action complained of. No such application shall excuse any person from complying with or obeying any order, decision, report, or action of the Commission, or operate in any manner to stay or postpone the enforcement thereof, without the special order of the Commission. The filing of a petition for reconsideration shall not be a condition precedent to judicial review of any such order, decision, report, or action, except where the party seeking such review (1) was not a party to the proceedings resulting in such order, decision, report, or action, or (2) relies on questions of fact or law upon which the Commission, or designated authority within the Commission, has been afforded no opportunity to pass. The Commission, or designated authority within the Commission, shall enter an order, with a concise statement of the reasons therefor, denying a petition for reconsideration or granting such petition, in whole or in part, and ordering such further proceedings as may be appropriate: *Provided,* That in any case where such petition relates to an instrument of authorization granted without a hearing, the Commission, or designated authority within the Commission, shall take such action within ninety days of the filing of such petition. Reconsiderations shall be governed by such general rules as the Commission may establish, except that no evidence other than newly discovered evidence, evidence which has become available only since the original taking of evidence, or evidence which the Commission or designated authority within the Commission believes should have been taken in the original proceeding shall be taken on any reconsideration. The time within which a petition for review must be filed in a proceeding to which section 402(a) of this title applies, or within which an appeal must be taken under section 402(b) of this title in any case, shall be computed from the date upon which the Commission gives public notice of the order, decision, report, or action complained of.

**(b)(1)** Within 90 days after receiving a petition for reconsideration of an order concluding a hearing under section 204(a) of this title or concluding an investigation under section 208(b) of this title, the Commission shall issue an order granting or denying such petition.

**(2)** Any order issued under paragraph (1) shall be a final order and may be appealed under section 402(a) of this title.

**CREDIT(S)**

---

(June 19, 1934, c. 652, Title IV, § 405, 48 Stat. 1095; July 16, 1952, c. 879, § 15, 66 Stat. 720; Pub.L. 86-752, § 4(c), Sept. 13, 1960, 74 Stat. 892; Pub.L. 87-192, § 3, Aug. 31, 1961, 75 Stat. 421; Pub.L. 97-259, Title I, §§ 122, 127(c), Sept. 13, 1982, 96 Stat. 1097, 1099; Pub.L. 100-594, § 8(d), Nov. 3, 1988, 102 Stat. 3023.)

Notes of Decisions (162)

47 U.S.C.A. § 405, 47 USCA § 405
Current through P.L. 118-78. Some statute sections may be more current, see credits for details.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
   Title 47. Telecommunication
      Chapter I. Federal Communications Commission (Refs & Annos)
         Subchapter A. General (Refs & Annos)
            Part 1. Practice and Procedure (Refs & Annos)
               Subpart A. General Rules of Practice and Procedure (Refs & Annos)
                  Reconsideration and Review of Actions Taken by the Commission and Pursuant to Delegated Authority;
                  Effective Dates and Finality Dates of Actions

47 C.F.R. § 1.106

§ 1.106 Petitions for reconsideration in non-rulemaking proceedings.

Effective: June 29, 2021
Currentness

(a)(1) Except as provided in paragraphs (b)(3) and (p) of this section, petitions requesting reconsideration of a final Commission action in non-rulemaking proceedings will be acted on by the Commission. Petitions requesting reconsideration of other final actions taken pursuant to delegated authority will be acted on by the designated authority or referred by such authority to the Commission. A petition for reconsideration of an order designating a case for hearing will be entertained if, and insofar as, the petition relates to an adverse ruling with respect to petitioner's participation in the proceeding. Petitions for reconsideration of other interlocutory actions will not be entertained. (For provisions governing reconsideration of Commission action in notice and comment rulemaking proceedings, see § 1.429. This § 1.106 does not govern reconsideration of such actions.)

(2) Within the period allowed for filing a petition for reconsideration, any party to the proceeding may request the presiding officer to certify to the Commission the question as to whether, on policy in effect at the time of designation or adopted since designation, and undisputed facts, a hearing should be held. If the presiding officer finds that there is substantial doubt, on established policy and undisputed facts, that a hearing should be held, he will certify the policy question to the Commission with a statement to that effect. No appeal may be filed from an order denying such a request. See also, §§ 1.229 and 1.251.

(b)(1) Subject to the limitations set forth in paragraph (b)(2) of this section, any party to the proceeding, or any other person whose interests are adversely affected by any action taken by the Commission or by the designated authority, may file a petition requesting reconsideration of the action taken. If the petition is filed by a person who is not a party to the proceeding, it shall state with particularity the manner in which the person's interests are adversely affected by the action taken, and shall show good reason why it was not possible for him to participate in the earlier stages of the proceeding.

(2) Where the Commission has denied an application for review, a petition for reconsideration will be entertained only if one or more of the following circumstances are present:

(i) The petition relies on facts or arguments which relate to events which have occurred or circumstances which have changed since the last opportunity to present such matters to the Commission; or

(ii) The petition relies on facts or arguments unknown to petitioner until after his last opportunity to present them to the Commission, and he could not through the exercise of ordinary diligence have learned of the facts or arguments in question prior to such opportunity.

(3) A petition for reconsideration of an order denying an application for review which fails to rely on new facts or changed circumstances may be dismissed by the staff as repetitious.

(c) In the case of any order other than an order denying an application for review, a petition for reconsideration which relies on facts or arguments not previously presented to the Commission or to the designated authority may be granted only under the following circumstances:

(1) The facts or arguments fall within one or more of the categories set forth in § 1.106(b)(2); or

(2) The Commission or the designated authority determines that consideration of the facts or arguments relied on is required in the public interest.

(d)(1) A petition for reconsideration shall state with particularity the respects in which petitioner believes the action taken by the Commission or the designated authority should be changed. The petition shall state specifically the form of relief sought and, subject to this requirement, may contain alternative requests.

(2) A petition for reconsideration of a decision that sets forth formal findings of fact and conclusions of law shall also cite the findings and/or conclusions which petitioner believes to be erroneous, and shall state with particularity the respects in which he believes such findings and/or conclusions should be changed. The petition may request that additional findings of fact and/or conclusions of law be made.

(e) Where a petition for reconsideration is based upon a claim of electrical interference, under appropriate rules in this chapter, to an existing station or a station for which a construction permit is outstanding, such petition, in addition to meeting the other requirements of this section, must be accompanied by an affidavit of a qualified radio engineer. Such affidavit shall show, either by following the procedures set forth in this chapter for determining interference in the absence of measurements, or by actual measurements made in accordance with the methods prescribed in this chapter, that electrical interference will be caused to the station within its normally protected contour.

(f) The petition for reconsideration and any supplement thereto shall be filed within 30 days from the date of public notice of the final Commission action, as that date is defined in § 1.4(b) of these rules, and shall be served upon parties to the proceeding. The petition for reconsideration shall not exceed 25 double spaced typewritten pages. No supplement or addition to a petition for reconsideration which has not been acted upon by the Commission or by the designated authority, filed after expiration of the 30 day period, will be considered except upon leave granted upon a separate pleading for leave to file, which shall state the grounds therefor.

(g) Oppositions to a petition for reconsideration shall be filed within 10 days after the petition is filed, and shall be served upon petitioner and parties to the proceeding. Oppositions shall not exceed 25 double spaced typewritten pages.

(h) Petitioner may reply to oppositions within seven days after the last day for filing oppositions, and any such reply shall be served upon parties to the proceeding. Replies shall not exceed 10 double spaced typewritten pages, and shall be limited to matters raised in the opposition.

(i) Petitions for reconsideration, oppositions, and replies shall conform to the requirements of §§ 1.49, 1.51, and 1.52 and, except for those related to licensing matters in the Wireless Radio Service and addressed in paragraph (o) of this section, shall be submitted to the Secretary, Federal Communications Commission, Washington, DC 20554, by mail, by commercial courier, by hand, or by electronic submission through the Commission's Electronic Comment Filing System or other electronic filing system (such as ULS). Petitions submitted only by electronic mail and petitions submitted directly to staff without submission to the Secretary shall not be considered to have been properly filed. Parties filing in electronic form need only submit one copy.

(j) The Commission or designated authority may grant the petition for reconsideration in whole or in part or may deny or dismiss the petition. Its order will contain a concise statement of the reasons for the action taken. Where the petition for reconsideration relates to an instrument of authorization granted without hearing, the Commission or designated authority will take such action within 90 days after the petition is filed.

(k)(1) If the Commission or the designated authority grants the petition for reconsideration in whole or in part, it may, in its decision:

(i) Simultaneously reverse or modify the order from which reconsideration is sought;

(ii) Remand the matter to a bureau or other Commission personnel for such further proceedings, including rehearing, as may be appropriate; or

(iii) Order such other proceedings as may be necessary or appropriate.

(2) If the Commission or designated authority initiates further proceedings, a ruling on the merits of the matter will be deferred pending completion of such proceedings. Following completion of such further proceedings, the Commission or designated authority may affirm, reverse, or modify its original order, or it may set aside the order and remand the matter for such further proceedings, including rehearing, as may be appropriate.

(3) Any order disposing of a petition for reconsideration which reverses or modifies the original order is subject to the same provisions with respect to reconsideration as the original order. In no event, however, shall a ruling which denies a petition for reconsideration be considered a modification of the original order. A petition for reconsideration of an order which has been previously denied on reconsideration may be dismissed by the staff as repetitious.

Note: For purposes of this section, the word "order" refers to that portion of its action wherein the Commission announces its judgment. This should be distinguished from the "memorandum opinion" or other material which often accompany and explain the order.

(l) No evidence other than newly discovered evidence, evidence which has become available only since the original taking of evidence, or evidence which the Commission or the designated authority believes should have been taken in the original proceeding shall be taken on any rehearing ordered pursuant to the provisions of this section.

(m) The filing of a petition for reconsideration is not a condition precedent to judicial review of any action taken by the Commission or by the designated authority, except where the person seeking such review was not a party to the proceeding resulting in the action, or relies on questions of fact or law upon which the Commission or designated authority has been afforded no opportunity to pass. (See § 1.115(c).) Persons in those categories who meet the requirements of this section may qualify to seek judicial review by filing a petition for reconsideration.

(n) Without special order of the Commission, the filing of a petition for reconsideration shall not excuse any person from complying with or obeying any decision, order, or requirement of the Commission, or operate in any manner to stay or postpone the enforcement thereof. However, upon good cause shown, the Commission will stay the effectiveness of its order or requirement pending a decision on the petition for reconsideration. (This paragraph applies only to actions of the Commission en banc. For provisions applicable to actions under delegated authority, see § 1.102.)

(o) Petitions for reconsideration of licensing actions, as well as oppositions and replies thereto, that are filed with respect to the Wireless Radio Services, must be filed electronically via ULS.

(p) Petitions for reconsideration of a Commission action that plainly do not warrant consideration by the Commission may be dismissed or denied by the relevant bureau(s) or office(s). Examples include, but are not limited to, petitions that:

(1) Fail to identify any material error, omission, or reason warranting reconsideration;

(2) Rely on facts or arguments which have not previously been presented to the Commission and which do not meet the requirements of paragraphs (b)(2), (b)(3), or (c) of this section;

(3) Rely on arguments that have been fully considered and rejected by the Commission within the same proceeding;

(4) Fail to state with particularity the respects in which petitioner believes the action taken should be changed as required by paragraph (d) of this section;

(5) Relate to matters outside the scope of the order for which reconsideration is sought;

(6) Omit information required by these rules to be included with a petition for reconsideration, such as the affidavit required by paragraph (e) of this section (relating to electrical interference);

(7) Fail to comply with the procedural requirements set forth in paragraphs (f) and (i) of this section;

(8) relate to an order for which reconsideration has been previously denied on similar grounds, except for petitions which could be granted under paragraph (c) of this section; or

(9) Are untimely.

(Authority: Secs. 4, 303, 307, 405, 48 Stat., as amended, 1066, 1082, 1083, 1095; 47 U.S.C. 154, 303, 307, 405)

**Credits**

[28 FR 12415, Nov. 22, 1963, as amended at 37 FR 7507, April 15, 1972; 41 FR 1287, Jan. 7, 1976; 44 FR 60294, Oct. 19, 1979; 46 FR 18556, March 25, 1981; 62 FR 4170, Jan. 29, 1997; 63 FR 68920, Dec. 14, 1998; 76 FR 24391, May 2, 2011; 85 FR 85529, Dec. 29, 2020]

SOURCE: 28 FR 12415, Nov. 22, 1963; 56 FR 57598, Nov. 13, 1991; 57 FR 187, Jan. 3, 1992; 58 FR 27473, May 10, 1993; 59 FR 22985, May 4, 1994; 61 FR 45618, Aug. 29, 1996; 61 FR 46561, Sept. 4, 1996; 61 FR 52899, Oct. 9, 1996; 62 FR 37422, July 11, 1997; 63 FR 67429, Dec. 7, 1998; 63 FR 71036, Dec. 23, 1998; 64 FR 63251, Nov. 19, 1999; 65 FR 10720, Feb. 29, 2000; 65 FR 19684, April 12, 2000; 65 FR 31281, May 17, 2000; 69 FR 77938, Dec. 29, 2004; 71 FR 26251, May 4, 2006; 74 FR 39227, Aug. 6, 2009; 75 FR 9797, March 4, 2010; 76 FR 43203, July 20, 2011; 77 FR 71137, Nov. 29, 2012; 78 FR 10100, Feb. 13, 2013; 78 FR 15622, March 12, 2013; 78 FR 41321, July 10, 2013; 78 FR 50254, Aug. 16, 2013; 79 FR 48528, Aug. 15, 2014; 80 FR 1268, Jan. 8, 2015; 81 FR 40821, June 23, 2016; 81 FR 52362, Aug. 8, 2016; 81 FR 79930, Nov. 14, 2016; 81 FR 86601, Dec. 1, 2016; 82 FR 8171, Jan. 24, 2017; 82 FR 18581, April 20, 2017; 82 FR 20839, May 4, 2017; 82 FR 24561, May 30, 2017; 82 FR 41103, Aug. 29, 2017; 82 FR 41544, Sept. 1, 2017; 82 FR 55331, Nov. 21, 2017; 82 FR 58758, Dec. 14, 2017; 83 FR 2556, Jan. 18, 2018; 83 FR 4600, Feb. 1, 2018; 83 FR 7401, Feb. 21, 2018; 83 FR 46836, Sept. 14, 2018; 83 FR 47095, Sept. 18, 2018; 83 FR 48963, Sept. 28, 2018; 83 FR 61089, Nov. 27, 2018; 83 FR 63095, Dec. 7, 2018; 84 FR 8618, March 11, 2019; 84 FR 50999, Sept. 26, 2019; 84 FR 57363, Oct. 25, 2019; 86 FR 12547, March 4, 2021; 86 FR 15797, March 25, 2021; 88 FR 63744, Sept. 15, 2023; 89 FR 2149, Jan. 12, 2024; 89 FR 4161, Jan. 22, 2024; 89 FR 45553, May 22, 2024; 89 FR 48514, June 7, 2024; 89 FR 61272, July 30, 2024, unless otherwise noted.

AUTHORITY: 47 U.S.C. chs. 2, 5, 9, 13; 28 U.S.C. 2461 note; 47 U.S.C. 1754, unless otherwise noted.

Notes of Decisions (42)

Current through September 5, 2024, 89 FR 72341. Some sections may be more current. See credits for details.

---

Code of Federal Regulations
    Title 47. Telecommunication
        Chapter I. Federal Communications Commission (Refs & Annos)
            Subchapter A. General (Refs & Annos)
                Part 1. Practice and Procedure (Refs & Annos)
                    Subpart A. General Rules of Practice and Procedure (Refs & Annos)
                    Reconsideration and Review of Actions Taken by the Commission and Pursuant to Delegated Authority;
                    Effective Dates and Finality Dates of Actions

47 C.F.R. § 1.115

§ 1.115 Application for review of action taken pursuant to delegated authority.

Effective: November 5, 2020
Currentness

(a) Any person aggrieved by any action taken pursuant to delegated authority may file an application requesting review of that action by the Commission. Any person filing an application for review who has not previously participated in the proceeding shall include with his application a statement describing with particularity the manner in which he is aggrieved by the action taken and showing good reason why it was not possible for him to participate in the earlier stages of the proceeding. Any application for review which fails to make an adequate showing in this respect will be dismissed.

(b)(1) The application for review shall concisely and plainly state the questions presented for review with reference, where appropriate, to the findings of fact or conclusions of law.

(2) The application for review shall specify with particularity, from among the following, the factor(s) which warrant Commission consideration of the questions presented:

(i) The action taken pursuant to delegated authority is in conflict with statute, regulation, case precedent, or established Commission policy.

(ii) The action involves a question of law or policy which has not previously been resolved by the Commission.

(iii) The action involves application of a precedent or policy which should be overturned or revised.

(iv) An erroneous finding as to an important or material question of fact.

(v) Prejudicial procedural error.

(3) The application for review shall state with particularity the respects in which the action taken by the designated authority should be changed.

(4) The application for review shall state the form of relief sought and, subject to this requirement, may contain alternative requests.

(c) No application for review will be granted if it relies on questions of fact or law upon which the designated authority has been afforded no opportunity to pass.

Note: Subject to the requirements of § 1.106, new questions of fact or law may be presented to the designated authority in a petition for reconsideration.

(d) Except as provided in paragraph (e) of this section and in § 0.461(j) of this chapter, the application for review and any supplemental thereto shall be filed within 30 days of public notice of such action, as that date is defined in § 1.4(b). Opposition to the application shall be filed within 15 days after the application for review is filed. Except as provided in paragraph (e)(1) of this section, replies to oppositions shall be filed within 10 days after the opposition is filed and shall be limited to matters raised in the opposition.

(e)(1) Applications for review of an order designating a matter for hearing that was issued under delegated authority shall be deferred until exceptions to the initial decision in the case are filed, unless the presiding officer certifies such an application for review to the Commission. A matter shall be certified to the Commission if the presiding officer determines that the matter involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate consideration of the question would materially expedite the ultimate resolution of the litigation. A request to certify a matter to the Commission shall be filed with the presiding officer within 5 days after the designation order is released. A ruling refusing to certify a matter to the Commission is not appealable. Any application for review authorized by the presiding officer shall be filed within 5 days after the order certifying the matter to the Commission is released or such a ruling is made. Oppositions shall be filed within 5 days after the application for review is filed. Replies to oppositions shall be filed only if they are requested by the Commission. Replies (if allowed) shall be filed within 5 days after they are requested. The Commission may dismiss, without stating reasons, an application for review that has been certified, and direct that the objections to the order designating the matter for hearing be deferred and raised when exceptions in the initial decision in the case are filed.

(2) Applications for review of final staff decisions issued on delegated authority in formal complaint proceedings on the Enforcement Bureau's Accelerated Docket (see, e.g., § 1.730) shall be filed within 15 days of public notice of the decision, as that date is defined in § 1.4(b). These applications for review oppositions and replies in Accelerated Docket proceedings shall be served on parties to the proceeding by hand or facsimile transmission.

(f) Applications for review, oppositions, and replies shall conform to the requirements of §§ 1.49, 1.51, and 1.52, and shall be submitted to the Secretary, Federal Communications Commission, Washington, DC 20554. Except as provided below, applications for review and oppositions thereto shall not exceed 25 double-space typewritten pages. Applications for review of interlocutory actions in hearing proceedings (including designation orders) and oppositions thereto shall not exceed 5 double-spaced typewritten pages. When permitted (see paragraph (e)(1) of this section), reply pleadings shall not exceed 5 double-spaced typewritten pages. The application for review shall be served upon the parties to the proceeding. Oppositions to the application for review shall be served on the person seeking review and on parties to the proceeding. When permitted (see paragraph (e)(1) of this section), replies to the opposition(s) to the application for review shall be served on the person(s) opposing the application for review and on parties to the proceeding.

(g) The Commission may grant the application for review in whole or in part, or it may deny the application with or without specifying reasons therefor. A petition requesting reconsideration of a ruling which denies an application for review will be entertained only if one or more of the following circumstances is present:

(1) The petition relies on facts which related to events which have occurred or circumstances which have changed since the last opportunity to present such matters; or

(2) The petition relies on facts unknown to petitioner until after his last opportunity to present such matters which could not, through the exercise of ordinary diligence, have been learned prior to such opportunity.

(h)(1) If the Commission grants the application for review in whole or in part, it may, in its decision:

(i) Simultaneously reverse or modify the order from which review is sought;

(ii) Remand the matter to the designated authority for reconsideration in accordance with its instructions, and, if an evidentiary hearing has been held, the remand may be to the person(s) who conducted the hearing; or

(iii) Order such other proceedings, including briefs and oral argument, as may be necessary or appropriate.

(2) In the event the Commission orders further proceedings, it may stay the effect of the order from which review is sought. (See § 1.102.) Following the completion of such further proceedings the Commission may affirm, reverse or modify the order from which review is sought, or it may set aside the order and remand the matter to the designated authority for reconsideration in accordance with its instructions. If an evidentiary hearing has been held, the Commission may remand the matter to the person(s) who conducted the hearing for rehearing on such issues and in accordance with such instructions as may be appropriate.

Note: For purposes of this section, the word "order" refers to that portion of its action wherein the Commission announces its judgment. This should be distinguished from the "memorandum opinion" or other material which often accompany and explain the order.

(i) An order of the Commission which reverses or modifies the action taken pursuant to delegated authority is subject to the same provisions with respect to reconsideration as an original order of the Commission. In no event, however, shall a ruling which denies an application for review be considered a modification of the action taken pursuant to delegated authority.

(j) No evidence other than newly discovered evidence, evidence which has become available only since the original taking of evidence, or evidence which the Commission believes should have been taken in the original proceeding shall be taken on any rehearing ordered pursuant to the provisions of this section.

(k) The filing of an application for review shall be a condition precedent to judicial review of any action taken pursuant to delegated authority.

(Authority: Secs. 4, 303, 307, 48 Stat., as amended, 1066, 1082, 1083; <u>47 U.S.C. 154</u>, <u>303</u>, <u>307</u>)

**Credits**

[<u>28 FR 12415</u>, Nov. 22, 1963, as amended at <u>41 FR 14871</u>, April 8, 1976; <u>44 FR 60295</u>, Oct. 19, 1979; <u>46 FR 18556</u>, March 25, 1981; <u>48 FR 12719</u>, March 28, 1983; <u>50 FR 39000</u>, Sept. 26, 1985; <u>54 FR 40392</u>, Oct. 2, 1989; <u>55 FR 36641</u>, Sept. 6, 1990; <u>55 FR 38065</u>, Sept. 17, 1990; <u>57 FR 19387</u>, May 6, 1992; <u>62 FR 4170</u>, Jan. 29, 1997; <u>63 FR 41446</u>, Aug. 4, 1998; <u>63 FR 52983</u>, Oct. 2, 1998; <u>67 FR 13223</u>, March 21, 2002; <u>76 FR 70908</u>, Nov. 16, 2011; <u>82 FR 4197</u>, Jan. 13, 2017; <u>85 FR 63173</u>, Oct. 6, 2020]

SOURCE: <u>28 FR 12415</u>, Nov. 22, 1963; <u>56 FR 57598</u>, Nov. 13, 1991; <u>57 FR 187</u>, Jan. 3, 1992; <u>58 FR 27473</u>, May 10, 1993; <u>59 FR 22985</u>, May 4, 1994; <u>61 FR 45618</u>, Aug. 29, 1996; <u>61 FR 46561</u>, Sept. 4, 1996; <u>61 FR 52899</u>, Oct. 9, 1996; <u>62 FR 37422</u>, July 11, 1997; <u>63 FR 67429</u>, Dec. 7, 1998; <u>63 FR 71036</u>, Dec. 23, 1998; <u>64 FR 63251</u>, Nov. 19, 1999; <u>65 FR 10720</u>, Feb. 29, 2000; <u>65 FR 19684</u>, April 12, 2000; <u>65 FR 31281</u>, May 17, 2000; <u>69 FR 77938</u>, Dec. 29, 2004; <u>71 FR 26251</u>, May 4, 2006; <u>74 FR 39227</u>, Aug. 6, 2009; <u>75 FR 9797</u>, March 4, 2010; <u>76 FR 43203</u>, July 20, 2011; <u>77 FR 71137</u>, Nov. 29, 2012; <u>78 FR 10100</u>, Feb. 13, 2013; <u>78 FR 15622</u>, March 12, 2013; <u>78 FR 41321</u>, July 10, 2013; <u>78 FR 50254</u>, Aug. 16, 2013; <u>79 FR 48528</u>, Aug. 15, 2014; <u>80 FR 1268</u>, Jan. 8, 2015; <u>81 FR 40821</u>, June 23, 2016; <u>81 FR 52362</u>, Aug. 8, 2016; <u>81 FR 79930</u>, Nov. 14, 2016; <u>81 FR 86601</u>, Dec. 1, 2016; <u>82 FR 8171</u>, Jan. 24, 2017; <u>82 FR 18581</u>, April 20, 2017; <u>82 FR 20839</u>, May 4, 2017; <u>82 FR 24561</u>, May 30, 2017; <u>82 FR 41103</u>, Aug. 29, 2017; <u>82 FR 41544</u>, Sept. 1, 2017; <u>82 FR 55331</u>, Nov. 21, 2017; <u>82 FR 58758</u>, Dec. 14, 2017; <u>83 FR 2556</u>, Jan. 18, 2018; <u>83 FR 4600</u>, Feb. 1, 2018; <u>83 FR 7401</u>, Feb. 21, 2018; <u>83 FR 46836</u>, Sept. 14, 2018; <u>83 FR 47095</u>, Sept. 18, 2018; <u>83 FR 48963</u>, Sept. 28, 2018; <u>83 FR 61089</u>, Nov. 27, 2018; <u>83 FR 63095</u>, Dec. 7, 2018; <u>84 FR 8618</u>, March 11, 2019; <u>84 FR 50999</u>, Sept. 26, 2019; <u>84 FR 57363</u>, Oct. 25, 2019; <u>86 FR 12547</u>, March 4, 2021; <u>86 FR 15797</u>, March 25, 2021; <u>88 FR 63744</u>, Sept. 15, 2023; <u>89 FR 2149</u>, Jan. 12, 2024; <u>89 FR 4161</u>, Jan. 22, 2024; <u>89 FR 45553</u>, May 22, 2024; <u>89 FR 48514</u>, June 7, 2024; <u>89 FR 61272</u>, July 30, 2024, unless otherwise noted.

AUTHORITY: 47 U.S.C. chs. 2, 5, 9, 13; <u>28 U.S.C. 2461</u> note; <u>47 U.S.C. 1754</u>, unless otherwise noted.

<u>Notes of Decisions (33)</u>

Current through September 5, 2024, 89 FR 72341. Some sections may be more current. See credits for details.

Code of Federal Regulations
Title 47. Telecommunication
Chapter I. Federal Communications Commission (Refs & Annos)
Subchapter B. Common Carrier Services
Part 54. Universal Service (Refs & Annos)
Subpart I. Review of Decisions Issued by the Administrator (Refs & Annos)

47 C.F.R. § 54.719

§ 54.719 Parties permitted to seek review of Administrator decision.

Effective: September 18, 2014
Currentness

(a) Any party aggrieved by an action taken by the Administrator, as defined in § 54.701, § 54.703, or § 54.705, must first seek review from the Administrator.

(b) Any party aggrieved by an action taken by the Administrator, after seeking review from the Administrator, may then seek review from the Federal Communications Commission, as set forth in § 54.722.

(c) Parties seeking waivers of the Commission's rules shall seek relief directly from the Commission.

**Credits**
[79 FR 49204, Aug. 19, 2014]

SOURCE: 62 FR 32948, June 17, 1997; 63 FR 70577, Dec. 21, 1998; 72 FR 46920, Aug. 22, 2007; 76 FR 73869, Nov. 29, 2011; 77 FR 71712, Dec. 4, 2012; 78 FR 38232, June 26, 2013; 78 FR 48624, Aug. 9, 2013; ; 80 FR 4476, Jan. 27, 2015; 80 FR 40935, July 14, 2015; 81 FR 24337, April 25, 2016; 84 FR 19876, May 7, 2019; 85 FR 249, Jan. 3, 2020; 86 FR 2946, Jan. 13, 2021; 87 FR 8373, Feb. 14, 2022, unless otherwise noted.

AUTHORITY: 47 U.S.C. 151, 154(i), 155, 201, 205, 214, 219, 220, 229, 254, 303(r), 403, 1004, 1302, 1601–1609, and 1752, unless otherwise noted.

Current through September 5, 2024, 89 FR 72341. Some sections may be more current. See credits for details.

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
   Title 47. Telecommunication
      Chapter I. Federal Communications Commission (Refs & Annos)
         Subchapter B. Common Carrier Services
            Part 54. Universal Service (Refs & Annos)
               Subpart I. Review of Decisions Issued by the Administrator (Refs & Annos)

47 C.F.R. § 54.720

§ 54.720 Filing deadlines.

Effective: March 6, 2015
Currentness

(a) An affected party requesting review or waiver of an Administrator decision by the Commission pursuant to § 54.719, shall file such a request within sixty (60) days from the date the Administrator issues a decision.

(b) An affected party requesting review of an Administrator decision by the Administrator pursuant to § 54.719(a), shall file such a request within sixty (60) days from the date the Administrator issues a decision.

(c) In all cases of requests for review filed under § 54.719(a) through (c), the request for review shall be deemed filed on the postmark date. If the postmark date cannot be determined, the applicant must file a sworn affidavit stating the date that the request for review was mailed.

(d) Parties shall adhere to the time periods for filing oppositions and replies set forth in 47 CFR 1.45.

**Credits**

[68 FR 36943, June 20, 2003; 79 FR 49204, Aug. 19, 2014; 79 FR 68632, Nov. 18, 2014; 80 FR 5991, Feb. 4, 2015]

SOURCE: 62 FR 32948, June 17, 1997; 63 FR 70577, Dec. 21, 1998; 72 FR 46920, Aug. 22, 2007; 76 FR 73869, Nov. 29, 2011; 77 FR 71712, Dec. 4, 2012; 78 FR 38232, June 26, 2013; 78 FR 48624, Aug. 9, 2013; ; 80 FR 4476, Jan. 27, 2015; 80 FR 40935, July 14, 2015; 81 FR 24337, April 25, 2016; 84 FR 19876, May 7, 2019; 85 FR 249, Jan. 3, 2020; 86 FR 2946, Jan. 13, 2021; 87 FR 8373, Feb. 14, 2022, unless otherwise noted.

AUTHORITY: 47 U.S.C. 151, 154(i), 155, 201, 205, 214, 219, 220, 229, 254, 303(r), 403, 1004, 1302, 1601–1609, and 1752, unless otherwise noted.

Current through September 5, 2024, 89 FR 72341. Some sections may be more current. See credits for details.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.