NOT YET SCHEDULED FOR ORAL ARGUMENT

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-1189

BIU, LLC

*Petitioner,*

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review
from the Federal Communications Commission

**PETITIONER'S REPLY BRIEF**

Alan A. Greenberg
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
(702) 777-0888
agreenberg@ggtriallaw.com

*Counsel for Petitioner*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

GLOSSARY................................................................................................................. iii

SUMMARY OF ARGUMENT .....................................................................................1

ARGUMENT .................................................................................................................3

    A.    Because the Spectrum Five Petition was Dismissed With Prejudice, it Was Arbitrary and Capricious and an Abuse of Discretion for the FCC to Direct BIU to Litigate in State Court ..........3

    B.    The Dismissal of BIU's Requests for Relief on Grounds of Tardiness Was Arbitrary, Capricious, and an Abuse of Discretion .......................................................................................................7

CONCLUSION..............................................................................................................9

CERTIFICATE OF COMPLIANCE ...........................................................................10

CERTIFICATE OF SERVICE .....................................................................................11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*American Industrial Door, Inc.*,
   16 F.C.C. Rcd. 16300 (WTB 2001)...................................................................................8

*In the Matter of Application for Review of Liability of MTD, Inc.*,
   6 F.C.C. Rcd. 34, 1991 WL 637194 (Jan. 7, 1991)..............................................................8

*Environmentel, LLC v. F.C.C.*,
   661 F.3d 80 (D.C. Cir. 2011)................................................................................................5

*Listeners' Guild, Inc. v. F.C.C.*,
   813 F.2d 465 (D.C. Cir. 1987)..........................................................................................1, 3

*In re Noble Syndications Inc.*,
   74 F.C.C.2d 124, 1979 WL 43971 (Oct. 11, 1979)..............................................................8

*In re Tsooris Corp.*,
   12 FCC Rcd. 1675 (1997)................................................................................................5, 6

*World Commc'ns, Inc. v. FCC*,
   20 F.3d 472 (D.C. Cir. 1994)................................................................................................5

*WSTE-TV v. F.C.C.*,
   566 F.2d 333 (D.C. Cir. 1977)..............................................................................................8

**Statutes**

47 U.S.C. § 309(e) ........................................................................................................................4

47 U.S.C. § 405(a) ........................................................................................................................7

**Other Authorities**

47 CFR § 1.106(f) .........................................................................................................................7

47 CFR § 1.115(d) .....................................................................................................................7, 8

47 CFR §§ 54.719 and 54.720 ......................................................................................................7

# GLOSSARY

| | |
|---|---|
| AFR | Application for Review |
| BIU | Petitioner BIU, LLC |
| FCC or the Commission | Federal Communications Commission |
| Intelsat | Intelsat License LLC |
| ITU | International Telecommunication Union |
| Spectrum Five | Spectrum Five LLC |
| Spectrum Five Petition or Petition | Spectrum Five, LLC's Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses, IB Docket No. 20-399 (filed Nov. 6, 2020) |
| 95 W | 95.05 degrees west longitude |
| PA | Petitioner's Appendix |

# SUMMARY OF ARGUMENT

The FCC's Enforcement Bureau dismissed the Spectrum Five Petition with prejudice upon the improper withdrawal of the Petition by R. David Wilson of Spectrum Five. In its brief, the FCC says that BIU should adjudicate the matter as a contractual dispute in state court, but there is no state court that can allow BIU to vacate the dismissal of the Spectrum Five Petition and to pursue the relief sought by that Petition.

The FCC calls it a "red herring" that there is no forum available that would allow the adjudication of the public and private interests at stake in the Spectrum Five Petition. The FCC states that should BIU prevail in state court, it can then seek reinstatement of the Spectrum Five Petition. Resp. Br. 16-17. But that leaves BIU with only an illusory remedy because the Petition was already dismissed with prejudice.

The FCC cites *Listeners' Guild, Inc. v. F.C.C.,* 813 F.2d 465, 469 (D.C. Cir. 1987), but fails to address the point made in Petitioner's Opening Brief that in *Listeners' Guild,* the FCC's decision on a license renewal application was expressly made without prejudice to whatever action may be appropriate after the resolution of the state court case. Pet'r Br. 12; Resp. Br. 13, 16. To be consistent with *Listener's Guild,* the FCC, at a minimum, should vacate the dismissal with prejudice

of the Spectrum Five Petition to allow BIU to obtain meaningful relief if it returns to the FCC with a state-court judgment in hand.

The other cases cited by the FCC are also distinguishable. All of the cases in which the FCC abstained from examining issues of contract law in favor of state-court adjudication either involved situations that could be remedied with a state-court judgment for money, or involved situations in which there could still be meaningful relief at the FCC after a state-court resolution of the contract issues. None of the cases involved with-prejudice determinations that would expressly deny relief even if the petitioning party would prevail in the state-court proceedings.

Finally, the FCC's arguments about the timing of BIU's filings are without merit. The FCC argues that BIU did not provide an explanation or seek a waiver for its filing of its AFR on the 60th day after the FCC's Order of November 13, 2023, instead of within the 30 days allowed by Rule 1.115(d). But, as pointed out in Petitioner's Opening Brief, the FCC's own opinion recognized that BIU erroneously filed the AFR under the wrong rule. Pet'r Br. 13. No other explanation is needed and there was no effective way to explain and seek a waiver because the error was first pointed out by the FCC in its opinion that dismissed and, alternatively, denied the AFR. PA307.

With regard to the timing of BIU's reinstatement request of June 9, 2023, the FCC denied the request because it was filed "over two weeks" after the deadline for

reconsideration. Resp. Br. 12. As noted in Petitioner's Opening Brief, however, BIU was not given notice of the withdrawal of the Spectrum Five Petition or of the dismissal of same, and filed the request for reinstatement immediately upon learning of it – only 46 days after the dismissal. Pet'r Br. 4-5. Given that the FCC dismissed the request as untimely when it was filed immediately, and only 16 days after the deadline, it rings hollow that the FCC now argues that BIU should instead have waited for however long it would take to obtain a state-court adjudication before requesting reinstatement of the Spectrum Five Petition. Resp. Br. 13, n. 3.

## ARGUMENT

### A. Because the Spectrum Five Petition was Dismissed With Prejudice, it Was Arbitrary and Capricious and an Abuse of Discretion for the FCC to Direct BIU to Litigate in State Court

The FCC argues that it followed its "long-standing policy of refusing to adjudicate private contract law questions for which a forum exists in the state courts." Resp. Br. 16, quoting *Listener's Guild,* 813 F.2d at 469. The FCC asserts that BIU "offers no persuasive reason for why it cannot pursue its contract claims in the first instance," and "should BIU prevail," it can then seek reinstatement of the Spectrum Five Petition. Resp. Br. 10, 17.

This argument lacks merit. The dismissal of the Spectrum Five Petition was "with prejudice." PA105. There is no relief that a state court can provide that would

result in reinstatement of the Spectrum Five Petition. This distinguishes the instant case from the various cases cited by the FCC. None of those cases involved dismissal of a petition with prejudice where there was relief sought that could only be granted by the FCC.

First, in *Listener's Guild,* the FCC denied a request for a hearing with respect to renewal of a radio station's license. *Id.* at 466. The request was governed by a statutory standard under 47 U.S.C. § 309(e). *Id.* at 468-469. The FCC determined that a hearing was not warranted, but that the situation could change based on pending state court litigation. The FCC "reasonably adopted, as it were, a 'wait and see' posture. The FCC expressly observed that the grant of GAF's license renewal application 'was and remains subject to and without prejudice to whatever action, if any, the Commission may deem necessary or appropriate in light of future action by the N.Y. judicial system in Concert's suit against GAF.'" *Id.* at 469. The FCC's determination was affirmed, with the court expressly noting that the FCC "indisputably opens the door for the listeners groups, upon completion of the New York litigation, to request the Commission to attach conditions to GAF's license renewal or otherwise take appropriate action." *Id.* Thus, unlike the dismissal with prejudice in the instant case, in *Listeners Guild,* the FCC expressly made its decision without prejudice and left the door open for the prevailing party in state-court litigation to have a remedy before the FCC.

Similarly, in the other case cited by the FCC as principal authority in support of its position, *Environmentel, LLC v. F.C.C.,* 661 F.3d 80 (D.C. Cir. 2011), the court, in affirming the FCC's denial of two petitions on the grounds that the dispute was a private contractual matter, noted that the petitioner had recourse, if it obtained a favorable result in a civil lawsuit, to "commenc[e] the license assignment review process anew before the Wireless Bureau." *Id.* at 85. Unlike the instant case, the denial of the petitions in *Environmentel* was without prejudice to the petitioner coming back before the FCC if its contractual rights would be vindicated in state court.

The Commission cites *World Commc'ns, Inc. v. FCC,* 20 F.3d 472, 476 (D.C. Cir. 1994) for the proposition that BIU can return to the FCC after securing a judgment in its favor. But that is not a fair reading of the case. The dispute in *World Commc'ns* was solely about money, with the dispute over that money governed by a non-tariff contract. *Id.* There was no prospect of needing to come back to the FCC after litigating the matter in a civil court, and the Court of Appeals noted that, while "most improbable," if the civil court would want the FCC's judgment, the court could hold the matter in abeyance for the parties to secure that judgment. *Id.*

The Commission cites *In re Tsooris Corp.,* 12 FCC Rcd. 1675, 1679, ¶ 8 (1997) for the proposition that the Commission considers its policy of declining to hear state-court contractual disputes as a "fair accommodation." Resp. Br. 14-15.

In *Tsooris,* the Commission noted that "oftentimes we must reach a fair accommodation between our licensing jurisdiction with the power of state and local courts to adjudicate contractual disputes." *Tsooris,* at 1679, ¶ 8, citing *Radio Station WOW, Inc. v. Johnson,* 326 U.S. 120, 131-132 (1945). The matter in *Tsooris* involved an assignment of a license of a radio station, and the New York courts determined that, as a matter of state law, the assignment had never been consummated. *Id.* at 1675, ¶ 1. Thus, the FCC denied an application for review filed by the would-be assignee.

In contrast to the foregoing cases, the FCC in this case has not made a "fair accommodation" of BIU's rights because the FCC has left intact the dismissal with prejudice of the Spectrum Five Petition. Thus, while a civil court could ultimately provide a judgment confirming BIU's right to control Spectrum Five's now-dismissed Petition, there is no avenue for BIU to use that judgment to restore the Petition.

And, as discussed in Petitioner's Opening Brief, but not directly addressed in the Respondents' Brief, the Spectrum Five Petition, which was terminated under unexplained, and indeed, inexplicable circumstances, asserted matters of public interest that impugned the integrity of the FCC's Satellite Division. Pet'r Br. 2-3, 5. Under these circumstances, it was arbitrary, capricious, and an abuse of discretion

for the FCC to permanently close the door to consideration of the Petition on the merits.

B. **The Dismissal of BIU's Requests for Relief on Grounds of Tardiness Was Arbitrary, Capricious, and an Abuse of Discretion**

The FCC does not dispute that the deadlines for BIU's request for reinstatement of the Petition and for its AFR are not jurisdictional deadlines. Nor does the FCC dispute that there was no prejudice from the very short delays in the filings of these documents.

The FCC asserts that BIU "offers no justification for its repeated late filings" (Resp. Br. 12), but that assertion is incorrect.

With regard to the 30-day deadline for the filing of the request for reinstatement under 47 U.S.C. § 405(a) and 47 CFR § 1.106(f), BIU has repeatedly pointed out that it was not given any notice of the withdrawal of the Spectrum Five Petition, and nevertheless filed its request immediately upon learning of it, a mere 16 days after the deadline. Pet'r Br 10-11; PA108-109, 225, 227-228.

With regard to the 30-day deadline for the AFR pursuant to 47 CFR § 1.115(d), BIU pointed out (and the FCC has already recognized) that it erroneously filed the AFR under 47 CFR §§ 54.719 and 54.720, which set forth a 60-day deadline. Pet'r Br. 13-14.

The FCC argues that BIU does not ask for waiver or tolling of the applicable deadlines (Resp. Br. 12), but that is untrue as to the request for reinstatement of the Petition, which cited *American Industrial Door, Inc.*, 16 F.C.C. Rcd. 16300, ¶ 5 & n.10 (WTB 2001) for the proposition that an untimely petition for reconsideration should be considered where there is possible fraud on the Commission's processes. PA106. With regard to the AFR, there was no effective way to seek a waiver because by the time the error was brought to BIU's attention in the FCC's opinion, the FCC had already disposed of the AFR by dismissal and, alternatively, denial on the merits. PA307.

As noted in Petitioner's Opening Brief, and not addressed by Respondents, dismissal on purely procedural grounds such as untimeliness cannot be upheld unless it is clear that the Commission considered whether the public interest would be served by reviewing the matter on the merits. See *WSTE-TV v. F.C.C.,* 566 F.2d 333, 337 (D.C. Cir. 1977); *In the Matter of Application for Review of Liability of MTD, Inc.,* 6 F.C.C. Rcd. 34, 1991 WL 637194 at *1, n. 2 (Jan. 7, 1991) (time limit is established solely by rule and can be waived, with waiver appropriate in absence of prejudice); *In re Noble Syndications Inc.,* 74 F.C.C.2d 124, 1979 WL 43971 at *3 (Oct. 11, 1979) (FCC waiver of untimeliness under section 1.115(d) where no prejudice).

## CONCLUSION

For the reasons set forth herein and in Petitioner's Opening Brief, the Court should set aside the FCC's denial of BIU's Application for Review and should direct the FCC to reinstate the Spectrum Five Petition.

DATED this 30th day of October, 2024.

Respectfully submitted,

 /s/ Alan A. Greenberg
Alan A. Greenberg
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
(702) 777-0888
*Counsel for Petitioner*

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 32 of the Federal Rules of Appellate Procedure and Circuit Rule 32(e)(1) because it contains 1,965 words and has been prepared in a proportionally spaced typeface using Times New Roman, 14 point.

/s/ Alan A. Greenberg
Alan A. Greenberg

# CERTIFICATE OF SERVICE

## BIU, LLC v. Spectrum Five LLC
## 24-1189

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

    On October 30, 2024, I served true copies of the following document(s) described as **PETITIONER'S REPLY BRIEF** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on October 30, 2024, at Costa Mesa, California.

_____
Lucia Rodriguez

**SERVICE LIST**
**BIU, LLC v. Spectrum Five LLC**

P. Michele Ellison
*General Counsel*
Jacob M. Lewis
*Deputy General Counsel*
Igor Helman
*Counsel*
Federal Communications Commission
45 L Street, NE
Washington, DC 20554-0004
Direct: 202-418-1740
Email: fcclitigation@fcc.gov

*Counsel for Respondent Federal Communications Commission*

Jonathan S. Kanter
*Assistant Attorney General*
Robert Nicholson
*Attorney*
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Ave. NW
Washington, DC 20530

*Counsel for Respondent United States of America*