# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-1189                              September Term, 2024

FILED ON: MARCH 6, 2025

BIU, LLC,
                 PETITIONER

v.

FEDERAL COMMUNICATIONS COMMISSION AND UNITED STATES OF AMERICA,
                 RESPONDENTS

On Petition for Review of an Order
of the Federal Communications Commission

Before: SRINIVASAN, *Chief Judge*, CHILDS, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*

# **J U D G M E N T**

This appeal was considered on the record from the Federal Communications Commission and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the petition for review is **DENIED**.

\* \* \*

BIU, LLC (BIU) petitioned for review of a Federal Communications Commission order denying BIU's request to reinstate a dismissed enforcement petition. Because the Commission did not act arbitrarily and capriciously in determining that the reinstatement request presented a private contractual dispute justiciable in court, and because BIU may return to the Commission if it prevails in that contract dispute without being barred by threshold procedural issues, we deny the petition for review.

I.

Pursuant to Section 301 of the Communications Act, the Commission issues licenses to satellite companies to operate satellites that provide services in the United States. *See* 47 U.S.C.

§ 301. A satellite company, Intelsat License LLC (Intelsat), obtained licenses to operate satellites at 95.05 degrees west longitude. Another satellite company, Spectrum Five LLC (Spectrum Five), had been authorized by the radiocommunications agency of the Netherlands to operate a satellite at 95.15 degrees west longitude.

In November 2020, Spectrum Five filed a petition with the Commission's Bureau of Enforcement alleging that Intelsat had violated the terms of its licenses, in part by failing to prevent interference with Spectrum Five's satellite operations. Spectrum Five also alleged that Intelsat misrepresented its compliance with the terms of its licenses to the Commission and that the Commission's Satellite Division "enabled Intelsat's misconduct." Spectrum Five requested that the Enforcement Bureau initiate proceedings to revoke Intelsat's licenses.

On April 12, 2023, while the Bureau's review of the enforcement petition remained pending, counsel of record for Spectrum Five filed a letter withdrawing the petition. Twelve days later, on April 24, the Bureau issued an order dismissing the petition with prejudice.

On June 9, BIU filed a request with the Bureau to reinstate Spectrum Five's petition and reopen the docket.[1] BIU alleged that the petition's withdrawal had been "procured by fraud" because Spectrum Five's CEO and counsel did not have authority to withdraw the petition. Rather, BIU alleged, Spectrum Five had defaulted on loan agreements between BIU and Spectrum Five and, as a result, under the terms of the agreements BIU had sole authority to withdraw the petition.

At the direction of the Enforcement Bureau, the CEO of Spectrum Five filed a response, in which he denied BIU's allegations of fraud. The CEO asserted that he had sole authority to withdraw the enforcement petition, that he retained operational control over Spectrum Five, that Spectrum Five had not defaulted on its loan agreements, and that the loan agreements granted merely ministerial powers to BIU.

On November 13, 2023, the Enforcement Bureau dismissed BIU's reinstatement request as untimely because it was not filed within thirty days of the date of public notice of the Commission's action — here, by May 24. *See* 47 U.S.C. § 405(a); 47 C.F.R. § 1.106(f). In the alternative, the Bureau denied the request because it presented a matter of private contract dispute between BIU and Spectrum Five that was justiciable in court.

On January 12, 2024, BIU filed an application for review of the Bureau's order with the Commission. First, the Commission dismissed the application for review as untimely under Commission rules because it was not filed within thirty days of public notice of the Commission action — here, by December 13. *See* 47 C.F.R. § 1.115(d). In the alternative, the Commission denied the application because BIU failed to demonstrate any error in the Bureau's conclusions that the original reinstatement request was untimely and that the request presented a contract

---

[1] Prior to receiving a response from the Enforcement Bureau on the reinstatement request, BIU filed a petition with this Court for review of the April 24, 2023 dismissal order. That petition was dismissed as "incurably premature" because BIU had not first filed an application for review of the dismissal order with the Commission. *BIU, LLC v. FCC*, No. 23-1163, 2023 WL 6938136, at *1 (D.C. Cir. Oct. 19, 2023).

dispute better suited for judicial resolution.

BIU then filed this petition for review of the Commission's Order. We have jurisdiction under 28 U.S.C. § 2342(1).

## II.

Under the Administrative Procedure Act, a court must set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. 5 U.S.C. § 706(2)(A); see *Hikvision USA, Inc. v. FCC*, 97 F.4th 938, 944 (D.C. Cir. 2024). "For an arbitrary-and-capriciousness challenge, a court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *Hikvision USA, Inc.*, 97 F.4th at 944 (internal quotations omitted).

## III.

The Commission reasonably determined that BIU's reinstatement request hinges on contested interpretations of the loan agreements that can be resolved by a court of competent jurisdiction. If BIU prevails in those contract disputes, BIU can return to the Commission armed with the court judgment to seek further relief.

As we previously recognized, the Commission has a "longstanding policy of refusing to adjudicate private contract law questions for which a forum exists in the state courts." *Listeners' Guild, Inc. v. FCC*, 813 F.2d 465, 469 (D.C. Cir. 1987). Indeed, "[t]he Supreme Court and this Circuit have held that the FCC does not have authority 'to determine the validity of contracts between licensees and others.'" *Environmentel, LLC v. FCC*, 661 F.3d 80, 85 (D.C. Cir. 2011) (quoting *Regents v. Carroll*, 338 U.S. 586, 602 (1950)) (citing *Listeners' Guild, Inc.*, 813 F.2d 465).

The Commission's determination that BIU's reinstatement request presented a private contractual dispute aligns with this longstanding precedent. BIU asked the Commission to reinstate the enforcement petition based on the allegation that it had the sole authority to withdraw the petition after Spectrum Five defaulted on its obligation to timely repay the loan amount. A court can resolve whether Spectrum Five defaulted under the terms of the loan agreements before the enforcement petition was withdrawn. *See Listeners' Guild, Inc.*, 813 F.2d at 468–69 (Commission reasonably declined to adjudicate breach of contractual dispute resolvable in court). And if Spectrum Five was in default, a court can interpret the terms of the loan agreement to resolve whether BIU had power of attorney (as BIU argues), or merely ministerial powers (as Spectrum Five argues).

In *Listeners' Guild* and *Environmentel*, we noted that the petitioners could return to the Commission to continue or recommence proceedings if they prevailed in their contract disputes in court. *See Listeners' Guild, Inc.*, 813 F.2d at 469; *Environmentel*, 661 F.3d at 85. The same is true here. Although Spectrum Five's enforcement petition was dismissed "with prejudice," in briefing and at oral argument the Commission agreed that BIU could return to the Commission

to seek reinstatement of the petition or other appropriate relief if BIU succeeded in establishing its contract rights in court. Because BIU may return to the Commission if it prevails in court without being blocked at the threshold by its prior untimeliness or the "with prejudice" dismissal, there is no action for this Court to take at this time.

For the foregoing reasons, the petition for review is denied.

* * *

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk